## In the Matter of WILLIAM BREWER.

County Courts have no authority to admit attorneys and counsellors to practice in their own courts.

Section 8 of Article 6, of the Constitution, declares, "that every male citizen of the age of twenty-one years, of good moral character, and who possesses the requisite qualifications of learning and ability, shall be entitled to *admission* to practice in all the courts of this State." The *admission* therefore is a necessary form which must be pursued by all applicants. The 75th section of the Judiciary Act provides that they shall be examined by the Justices of the Supreme Court at a general term thereof. This is the only way in which any person can be admitted to practice as attorney and counsellor in any court of this State.

*December Special Term*, 1847. *Dutchess county.*—This was an application for a mandamus to be directed to the County Court of Dutchess county, requiring the court to admit William Brewer to practice as an attorney and counsellor of that court. The moving affidavit showed that at the last September general term Brewer applied by attorney to be admitted to practice—that a committee was appointed by the court to examine him, who, after examination, recommended him as qualified to practice as an attorney and counsellor of that court; but that the county judge neglected and refused to admit him to practice in his court.

G. DEAN, *for Relator.*

BARCULO, Justice.—It seems to be supposed by the moving counsel that section 8, of article 6, of the Constitution, entitles him to his motion. That section declares " that any male citizen of the age of twenty-one

years, of good moral character, and who possesses the requisite qualifi-
cations of learning and ability, shall be entitled to admission to practice
in all the courts of this State." I cannot agree with the counsel in his
construction of this section. Assuming, for the purposes of this motion,
that the applicant possesses all the qualifications embraced in that sec-
tion, it by no means follows that the county judge was bound to admit
him to practice in his court. On the contrary, I think the judge was
right in refusing so to do, for the simple reason that County Courts
have no authority to admit attorneys and counsellors.

The Constitution does not declare that any person possessing the re-
quisite qualifications *may practice* in all the courts of this State, but only,
that they shall be entitled to *admission* to practice. The *admission* there-
fore is a necessary form, which must be pursued by all applicants. It
is the legal mode of ascertaining the qualifications. The Legislature
have pointed out the course by which they may gain admittance. The
75th section of the Judiciary Act provides that they shall be examined
by the Justices of the Supreme Court at a general term thereof. This
is the only way in which any person can be admitted to practice as at-
torney and counsellor in any court of this State.

The motion for mandamus must therefore be denied.