## HALL *vs.* SAWYER.

The signing of a notice of appeal from the judgment of a justice of the peace to . the county court is an act which any person may do for another, by request, whether he has been admitted by the court to practice as an attorney in courts of record or not.

Hence a notice of appeal signed "M. S., defendant, by W. J. S. his att'y," is valid, although W. J. S. is not an attorney at law.

THIS is an appeal from an order of the county court of Essex county, which order dismissed an appeal, brought on the part of the defendant, from a justice's court to the

Hall *v.* Sawyer.

county court. The appeal was dismissed on the ground of its being brought by one W. J. Smith as "attorney" or "agent" of the defendant; Smith not being an attorney or counsellor at law. The notice of the appeal from the justice's court to the county court being signed "Milton Sawyer, defendant, by W. J. Smith, his att'y." These facts appeared by affidavit, and by the notice served, on the motion in the county court to dismiss the appeal. In opposition, it appeared by the affidavits of Smith and Sawyer, that Smith was employed by Sawyer to bring the appeal for Sawyer, and in Sawyer's name; that Smith did so bring the appeal, and signed Sawyer's name to the notice; that he, Smith, added his own name as attorney; that such addition was unauthorized, in any other sense than as the agent or attorney for the transaction of that particular business, for and at the request of Sawyer; and that he, Smith, used the word to denote his agency of doing said business only

*M. Hale,* for the appellant.

*A. Pond,* for the respondent.

*By the Court,* POTTER, J. It is quite clear that it is the spirit and intent of the constitution, of the statutes and the practice of the courts, that no person shall practice as an attorney or counsellor in actions in the courts but such as have been found qualified, upon examination by the Supreme Court. The application for that purpose must be based upon citizenship, the age of twenty-one years, and good moral character. These qualifications, followed by an order of the court for admission, after the court become satisfied of the possession of sufficient learning and ability, and the signing of the roll, and subscribing and taking the constitutional oath, constitute the right, and authorize the practice, by attorneys and counsellors in all the courts of record of this state. (*Const. of* 1846, *art.* 6, § 8. *Judiciary act, ch.* 280.

*Laws of* 1847, *pp.* 342, 345, § 75. *Rules Sup. Court,* 1.) And the 46th section of the judiciary act of 1847, (*ch.* 470, *p.* 647,) which authorized any other person than such an attorney to manage, prosecute and defend actions when specially authorized, has been held, and I think correctly, to be unconstitutional. (3 *Barb. S. C. Rep.* 196. 3 *How. Pr.* 169. *Id.* 397. *Id.* 402.) Unless these safeguards and conditions, above stated, exist; if the 46th section of chap. 470, above referred to, was in force; the court would be powerless to protect themselves against the acts and mischief of unworthy men, or from the association with men of immoral or even of infamous character, if unprincipled parties chose, by special authority, to send such into court to manage their affairs. The same attorney whom the court might strike from the roll, and by their order disqualify from practice, for immoral or infamous conduct, might be sent back the next day, by special authority of his client, to insult the court that had removed him.

While all this is conceded to the position and argument of the plaintiff, I am not able to see its application to this case. The act supposed to be in violation of the law, as we have laid it down, was not performed in any court of record; it was performed before the county court obtained jurisdiction of the action. No act is shown to have been performed by Smith in the county court. Jurisdiction is obtained by the county court by the filing of the return by the justice. Any person may appear in a justice's court as attorney for another, except the constable who served the original or jury process. (3 *R. S. 5th ed.* 233, § 32, [44] *marg. paging* 233.) The signing of the notice of appeal is the only act that is objected to. This notice has the defendant's name attached to it, by W. J. Smith, his attorney. It is to be presumed, therefore, that no other act was performed by attorney before the filing of the return. An authorized attorney did appear for the defendant after the action was in the county court. The notice so signed and complained of,

is entitled in the justice's court, and when it was so signed, there was no action in the county court. Without an affidavit to explain the authority for signing this notice, it was an act that any person might do for another by request, whether he had been admitted by the court to practice in courts of record or not.

This notice is used as the foundation for the pendency of an action in the county court. The making and serving this notice does not of itself give the county court power over the action ; it is a preliminary proceeding, like the affidavit to obtain a mandamus or a certiorari, which should not even be entitled in the court to which they are directed. (*Whitney* v. *Warner*, 2 *Cowen*, 500. *Welsh* v. *Hill*, 2 *John.* 373.) But this case need not even be put upon that ground. If this case was in a court of record, the signing this notice in the manner as explained by the affidavits, I think, would have been without objection, and would be no violation of the letter or spirit of the constitution, the statute, or the rules of practice. A person may be an attorney in fact, for another, without being an attorney at law ; a distinction well understood as existing in all kinds of business transactions. They are sometimes distinguished by attorneys in fact, or private attorneys, and attorneys at law, or public attorneys. The former is one who is authorized by his principal, either for some *particular* purpose, or to do a particular act, not of a legal character. The latter is employed to appear for the parties to actions, or other judicial proceedings, and are officers of the courts. So that the mere addition of the word *attorney,* after the name of the principal, does not of necessity carry with it the idea that the attorney is an officer of the court, or an attorney at law. If, therefore, as is clearly shown by the affidavits, the defendant in this case directed the said William J. Smith to make and serve for him the notice of appeal in question, it was made and signed according to the most approved custom and propriety of doing that kind of business. The defendant's name should have been attached, as

it was, and to avoid all suspicion of forgery or fraud, when written upon authority, the addition was appropriate, "*by his att'y.*" And as thus explained, no fraud upon the court, upon law, or upon the practice of the court, was committed. It would be productive of the most serious embarrassment if a party, by sickness, infirmity, absence, or other cause, must suffer loss of all his legal rights and remedies, because unable, from physical causes, to put his own sign manual to papers. What he may do in person, generally, he may do by attorney; who, if an attorney in fact, is but one of the class of agents he may thus employ. The order of the county court dismissing the appeal should therefore be reversed, with costs.

[St. Lawrence General Term, October 2, 1866. *Bockes, James, Rosekrans* and *Potter*, Justices.]