HENRY L. BURROWS, RESPONDENT, v. ESLIE R. NORTON, APPELLANT.

*Justice's judgment — notice of appeal from — when sufficient.*

Where a notice of appeal from a justice's judgment, indicates that the defendant in the judgment appeals to the County Court, giving the ground upon which such appeal is founded, and the notice is signed by the appellant or his attorney either at the end or upon the back thereof, it is sufficient.

APPEAL from an order of the Otsego County Court, dismissing an appeal from a justice's judgment by the defendant, upon the ground that neither defendant nor his attorney signed the notice of appeal at the bottom thereof. It appeared, however, that the attorney for the defendant indorsed upon the back of the notice the following words : " Notice of appeal, H. N. Warner, appellant's attorney, Hartwick, N. Y." By the affidavits used upon the motion to dismiss the appeal, it also appeared that the appeal was taken in good faith; that the name of the appellant was not signed to the notice of appeal at its bottom, by reason of a misapprehension of the person to whom they were given to serve; and that the notices were not returned by the plaintiff or justice upon whom they were served.

*J. A. Lynes,* for the appellant.

*S. S. Morgan,* for the respondent.

BOARDMAN, J.:

The Code, section 353, requires the service of a notice of appeal, within twenty days after judgment. It has been held to be sufficient if such notice is signed by the appellant by his attorney.* It is not necessary that the appellant should personally sign the notice. It may be signed by others for him, and it will be good. In this case, the signature was upon the back of the notice, and not at the end of it. It cannot be, that such a variance from the usual forms is of any consequence. If the notice indi-

* Hall v. Sawyer, 47 Barb., 116.

cates that the defendant in the judgment appeals to the County Court, giving the grounds upon which the appeal is founded, and the notice is signed or superscribed by some person as attorney for such appellant, it will be sufficient, if served within twenty days. By reference to the notice in this case, it is apparent, the plaintiff was not and could not be deceived by any real or apparent defect. He knew who the appellant was, and that he was represented by his attorney. The judgment appealed from, is described in the notice. The affidavits of the defendant show a good ground for an appeal, and an attempt in good faith to perfect the same by the service of such notice. The objection, therefore, if well founded, is purely technical. The policy of the law is liberal in giving the right of review, and such right should not be curtailed without sufficient cause.

The notice of appeal is sufficient, and the court erred in dismissing the appeal upon the assumption that it was fatally defective. If, however, this conclusion can be questioned, it is still apparent, the defect could and should have been amended. By section 327 of the Code, an omission or mistake in any act necessary to perfect the appeal, may be cured by amendment where a notice of appeal has been given in good faith.* That power would be enough to warrant a court in making such an amendment, without resort to the more general power given by section 173 of the Code.

But upon the first ground stated, we think the order of the County Court should be reversed, with ten dollars costs of this appeal.

Present — MILLER, P. J., BOCKES and BOARDMAN, JJ.

Order reversed, with ten dollars costs.

* 4 Wait's S. C. Pr., pp. 222, 395, and cases cited; 13 How., 409.