## BURROWS v. NORTON.

*Appeal — form of notice of Amendment.*

A notice of appeal from a judgment of a justice of the peace was not signed
at the bottom by the appellant or his attorney, but was indorsed on the out-
side, "Notice of appeal, H. N. Warner, appellant's attorney," *held*, sufficient.
Even if insufficient, the appelate court might cure the defect by amendment.

APPEAL by defendant from an order of the Otsego county court,
dismissing the appeal by defendant from a judgment rendered by a
justice of the peace.

The action was brought by Henry L. Burrows against Eslie R.
Norton, and judgment rendered for plaintiff. Defendant's appeal
therefrom was dismissed upon the ground that neither the defend-
ant nor his attorney signed the notice of appeal at the bottom
thereof. It appeared, however, that the attorney for the defend-
ant indorsed, upon the back of the notice, the following words:
"Notice of appeal, H. N. Warner, appellant's attorney, Hartwick,
N. Y." By the affidavits used upon the motion to dismiss the
appeal, it also appeared that the appeal was taken in good faith
that the name of the appellant was not signed to the notice of
appeal at its bottom by reason of a misapprehension of the person
to whom they were given to serve, and that the notices were not re-
turned by the plaintiff or justice upon whom they were served.

*J. A. Lynes,* for appellant.

*S. S. Morgan,* for respondent, cited *People* v. *Eldridge,* 7 How.
108; *Hall* v. *Sawyer,* 47 Barb. 116.

BOARDMAN, J. The Code, § 353, requires the service of a notice
of appeal within twenty days after judgment. It has been held to
be sufficient if such notice is signed by the appellant by his attor-
ney. *Hall* v. *Sawyer,* 47 Barb. 116. It is not necessary that the
appellant should personally sign the notice. It may be signed by
others for him, and it will be good. In this case the signature was
upon the back of the notice, and not at the end of it. It cannot
be that such a variance from the usual forms is of any consequence.
If the notice indicates that the defendant in the judgment appeals

to the county court, giving the grounds upon which the appeal is founded, and the notice is signed or superscribed by some person as attorney for such appellant, it will be sufficient if served within twenty days. By reference to the notice in this case, it is apparent that the plaintiff was not and could not be deceived by any real or apparent defect. He knew who the appellant was, and that he was represented by his attorney. The judgment appealed from is described in the notice. The affidavits of the defendant show a good ground for an appeal, and an attempt in good faith to perfect the same by the service of such notice. The objection, therefore, if well founded, is purely technical. The policy of the law is liberal in giving the right of review, and such right should not be curtailed without sufficient cause.

The notice of appeal is sufficient, and the court erred in dismissing the appeal upon the assumption that it was fatally defective..

If, however, this conclusion can be questioned, it is still apparent the defect could and should have been amended. By section 327 of the Code, an omission or mistake in any act necessary to perfect the appeal may be cured by amendment, when a notice of appeal has been given in good faith. 4 Wait's Sup. Ct. Pr. 222, 395, and cases cited; *Irwin* v. *Muir*, 13 How. 409.

That power would be enough to warrant a court in making such an amendment without resort to the more general power given by section 173 of the Code.

But, upon the first ground stated, we think the order of the county court should be reversed, with $10 costs of this appeal.

*Order reversed.*