## ONEIDA COUNTY COURT.

GERTRUDE E. BISHOP, appellant, agt. ABRAM D. VAN VECHTEN, respondent.

*Appeal from justice's judgment— When and how taken— Notice of appeal from justices' court to county court — How to be signed — Code of Civil Procedure, sections 2886, 2890, 3046.*

Where a notice of appeal from the judgment of a justices' court was dated June 17, 1881, was signed "C. E. Howe, appellant's attorney," and was served with an undertaking in due form to stay execution, signed and acknowledged by the appellant in person:

*Held,* that was sufficient.

The notice of appeal is a mandate of the county court, is properly entitled therein, and governed by the same general principles as other proceedings in a court of record. A party may sign it as attorney in person, adding office address or place of business, residence or other place where papers may be served upon him as required by Rule 2, general rules of practice, or by an *attorney-at-law,* and cannot be signed by an *attorney in fact* or an agent as such.

*December,* 1881.

*C. E. Howe,* for appellant.

*Pomeroy, Townsend & Quinn,* for respondent.

SUTTON, *County Judge.* — This is a motion to dismiss an appeal to this court for a new trial upon the ground that the notice of appeal is not properly signed.

The notice of appeal is dated June 17, 1881, is signed "C. E. Howe, appellant's attorney," and was served with an undertaking in due form to stay execution, signed and acknowledged by the appellant in person.

The argument in favor of the motion is that in justices' courts attorneys-at-law are not recognized as such, and an appearance before the justice must be by the party in person, or by an agent, or attorney in fact duly authorized and whose authority must be proven. That the notice of appeal is the

process of and an appearance in the justices' court. Consequently a notice of appeal signed as this, " C. E. Howe, appellant's attorney," in the absence of proof in the return of his authority so to sign, is a nullity. If the premises are sound the conclusion is correct.

The provisions of the Revised Statutes regulating appearances in justices' courts, are embodied in sections 2886 and 2890 of the Code of Civil Procedure, and the construction of these sections claimed by respondent is fully established by the commission of appeals (*Sperry* agt. *Reynolds*, 65 *N. Y.*, 179).

There are good reasons of public policy why this construction should be strictly adhered to. Parties in person, or by agents or attorneys in fact, not regular practitioners, frequently conduct proceedings in justices' courts, and are authorized by law to so do. Such agents or attorneys are not officers of those courts; are not under their control save in their presence.

The justices' court cannot summarily punish them as for contempt for proceedings taken by them without authority of their principals. It cannot grant new trials to correct errors, vacate its own judgments, or in any other manner *after judgment* grant relief to a party injured by its proceedings.

But is the notice of appeal the process of, or an appearance in the justices' court?

The true theory of an appeal in general is that the appellate court, upon the application of a party feeling aggrieved, issues its process commanding the court below to send up the record of the case that its judgment or decision may be reviewed.

Why should the court below issue such a process? It decided the case according to its conception of law and justice. It in effect says to the applicant for relief from its judgment or decision, you have suffered no injury. The application is made to the appellate tribunal; its answer in a proper case is, we will examine into the matter. Thereupon it issues its mandate to the court below to send up the case for review.

All this under the present practice is done by serving a

notice of appeal.   This notice is the application to, and the mandate of, the appellate court combined ( *Whitley* agt. *Leeds*, 27 *How. Pr.*, 378 ; *Wait's Law and Pr.* [*vol.* 2], *p.* 772).

All proceedings for the review of a judgment or decision of a court of record subsequent to the notice of appeal, are properly entitled in the appellate court.   Why not so entitle the notice of appeal ?   There is nothing in the Code of Civil Procedure which makes any distinction in this regard, between appeals from judgments of justices' courts and appeals from judgments of courts of record.   Section 3046 provides : "An appeal is taken    *    *    *   by serving a written notice of appeal."    *    *    *

There is no declaration that it is an appearance in or the process of the justices' court.   No requirement that it be signed by the appellant personally, or by his agent or attorney in fact.   No intimation that attorneys-at-law are not recognized as such in all proceedings on appeal, and there is no reason of public policy why they should not be, but on the contrary there are the same reasons why they should be so recognized that are deemed all sufficient in other courts.

There is a marked difference between the phraseology of section 3046, Code of Civil Procedure, and section 353, Code of Procedure.   The latter section reads : " The appellant shall within twenty days serve a notice of appeal," &c.   The former : "An appeal is taken by serving," &c.   This change of language is ample ground upon which to base an opinion that the legislature intended thereby to abolish the distinction between the practice on appeals from justices' courts and courts of record, and make the entire system more uniform and harmonious.

There are many reasons why the notice of appeal should be regarded as the process of the county court, and from which it may be argued that the legislature so intended.

A justice of the peace has no power or jurisdiction over a case tried by him after judgment, except to make a return, give a transcript and issue an execution.

Bishop agt. Van Vechten.

If the notice of appeal is the process of the justices' court, why has he not the power to control, amend, dismiss or disobey it? If it is not the process of the county court why has the county court power to enforce from the justice a return in obedience to the notice?

If the notice of appeal is the process of the justices' court, appellant's signature or that of his agent or attorney in fact, need not be accompanied by any designation of residence, office address, or place where papers may be served, and endless confusion and inconvenience may result.

To hold the notice of appeal the process of the county court makes the practice simple, harmonious, uniform. To hold it the process of the justices' court creates a legal monstrosity, and fills the practice with complications, technicalities and difficulties.

We conclude that the notice of appeal is a mandate of the county court, is properly entitled therein, and governed by the same general principles as other proceedings in a court of record. A party may sign it as attorney in person, adding office address or place of business, residence or other place where papers may be served upon him as required by Rule 2, general rules of practice, or by an *attorney-at-law*, and cannot be signed by an *attorney in fact* or an agent as such.

These views somewhat conflict with *Andrews* agt. *Long* (19 *Hun*, 303) ; *Hall* agt. *Sawyer* (47 *Barb.*, 116) ; *Burrows* agt. *Norton* (2 *Hun*, 550). These cases, however, were decided under the Code of Procedure.

The motion is denied.