CHARLES PETERSON, Appellant, v. THE CITY OF NEW YORK, Respondent.

Sealed instruments — effect of seal — municipal contract — power of aqueduct commissioners of New York city to affix seal thereto.

Though in many respects the effect of a seal has been much impaired by recent statutes and decisions, nevertheless a sealed instrument still retains in law certain characteristics peculiar to itself. It binds the parties, and only the parties, and it is not permitted to show by parol that the apparent parties to it acted merely as agents for other parties. Section 25 of chapter 490 of the Laws of 1883 gives to the aqueduct commissioners of the city of New York, appointed thereunder, plenary power over the form of contracts made by them, when approved by the corporation counsel. The commissioners adopted and the corporation counsel approved a contract under seal. *Held*, that the burden was on defendant to show either that the contract under seal was necessarily detrimental to the interests of the city or that it was not of the usual

character and form of municipal contracts, and in the absence of such evidence the commissioners will not be deemed to have exceeded their authority by executing the instrument.

*Peterson* v. *City of New York*, 127 App. Div. 942, reversed.

(Argued February 11, 1909; decided March 2, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 17, 1908, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellant. Ample power was conferred upon the aqueduct commissioners under the Laws of 1883, chapter 490, to adopt any form of contract which they deemed necessary and proper for the protection of the city, and the adoption and execution of a contract under seal was directly within the powers expressly conferred. (L. 1883, ch. 490; *District of Columbia* v. *C. I. Works*, 181 U. S. 453; *L., N. A. & C. R. Co.* v. *L. T. Co.*, 174 U. S. 545; 1 Dillon on Mun. Corp. [4th ed.] § 190.) The contract being under seal and binding upon the defendant as a specialty, the twenty years' Statute of Limitations is applicable, and the defense of the six years' statute should have been overruled. (*District of Columbia* v. *Camden Iron Works*, 181 U. S. 453; *Rusling* v. *U. P. & C. Co.*, 5 App. Div. 448; *Dwinnell* v. *Eddy*, 102 N. Y. 423; *City of New York* v. *T. A. R. R. Co.*, 115 App. Div. 899; 190 N. Y. 7.)

*Francis K. Pendleton, Corporation Counsel* (*Theodore Connoly, Terence Farley* and *Francis Martin* of counsel), for respondent. The aqueduct commissioners have no authority either to execute a contract under seal or to bind the city by the execution of such an instrument. (L. 1883, ch. 490.) An agent has no implied power to execute a sealed instrument on behalf of his principal. Such an authority

must be expressly conferred and must be granted by a writing of equal solemnity. (Story on Agency [9th ed.], §§ 49, 252; *Blood* v. *Goodrich,* 9 Wend. 68; *Worrall* v. *Munn,* 5 N. Y. 229; *Williams* v. *Gillies,* 75 N. Y. 197; *Gates* v. *Graham,* 12 Wend. 53; *Blood* v. *Goodrich,* 12 Wend. 525; *Wells* v. *Evans,* 20 Wend. 251; *Videau* v. *Griffin,* 21 Cal. 389; *Rowe* v. *Ware,* 30 Ga. 278; *Logan* v. *Steele,* 4 T. B. Mon. 430; *Rhode* v. *Loutham,* 8 Blackf. 413.) Being affixed without authority the seals are surplusage. They do not change the character of the instrument nor do they bind the defendant. (*Ford* v. *Williams,* 13 N. Y. 577; *Crudup* v. *Ramsey,* 54 Ark. 168; *Edward* v. *Dillon,* 147 Ill. 14; *Keller* v. *W. B. & C. M. Co.,* 39 Hun, 348; *Blewitt* v. *Boorum,* 142 N. Y. 357; *Weeks* v. *Esler,* 143 N. Y. 374; *Bridger* v. *Goldsmith,* 143 N. Y. 424; *C. N. Bank* v. *Faurot,* 149 N. Y. 532; *Rand* v. *Moulton,* 72 App. Div. 236.) The contract in question is not a sealed instrument within the meaning of section 381 of the Code of Civil Procedure. (*Briggs* v. *Partridge,* 64 N. Y. 357.)

Cullen, Ch. J. The action was brought on a contract made between the plaintiff's assignor and the mayor, aldermen and commonalty of the city of New York for the performance of certain work. On the part of the defendant the contract was executed by the aqueduct commissioners, who were appointed under the provisions of chapter 490, Laws of 1883. The contract concludes: "In witness whereof, the said aqueduct commissioners have hereunto set their hands and seals on behalf of the said parties of the first part, and the said party of the second part have also hereunto set their hands and seals; and the said commissioners, and party hereto of the second part, have executed the agreement in triplicate; one part of which to remain with said commissioners, one other to be filed with the Comptroller of the City of New York, and the third to be delivered to the said party hereto of the second part; the day and year herein first above written." It was in fact signed by the contractors and the

commissioners and the seals of the respective parties thereto attached.

Among other defenses, the defendant pleaded the six years' Statute of Limitations. For the purposes of the trial only, the defendant admitted the cause of action alleged against it, and the plaintiff admitted that the cause of action did not accrue within six years. Thereupon the trial court held that the plaintiff's claim was barred by lapse of time and dismissed the complaint. The judgment entered upon that decision has been affirmed by the Appellate Division.

That the contract on which the claim is based was in form a sealed contract is clear, and it is also clear that if such was its legal effect, the plaintiff's claim would not be barred by the six years' statute of limitations (Code Civil Procedure, sec. 382). It is insisted, however, by the defendant that the commissioners had no power to execute on behalf of the municipality a contract under seal, and hence, that the instrument should be treated as a mere written instrument, and not as a specialty. (*Worrall* v. *Munn*, 5 N. Y. 229.) Therefore, the only question in the case is as to the authority of the commissioners. It is undoubtedly true, as claimed by the respondent, that between private parties, authority to execute a contract under seal must be conferred by an instrument under seal; but that is not the point in this case. The authority was here conferred by an act of the legislature and the only question is the interpretation of that act. Even in a contract executed under seal by a private party, the question as to the sufficiency of the instrument executed by the principal to confer authority, and the construction of the extent of the authority it confers, are entirely different. An instrument not under seal purporting to authorize an agent to execute an agreement under seal would be a mere nullity, but where an instrument under seal and, therefore, sufficient to confer authority, empowered the agent to " place our names to a contract," it was held sufficient to authorize the agent to execute a sealed instrument on behalf of his principal. (*Wickham* v. *Know*, 33 Pa. St. 71.)

Section 25 of the statute referred to provides that the commissioner of public works shall submit to the aqueduct commissioners and the corporation counsel forms of contracts and of bonds for the work contemplated by the statute ; that such forms shall be either approved or rejected by the commissioners, and if approved as to form by the counsel to the corporation, " The said aqueduct commissioners being hereby given the exclusive authority to determine what provisions shall be embodied in said contracts, in order, so far as may be possible, to save the city from loss, embarrassment and litigation by reason of any work done or supplies furnished thereunder." Thus the commissioners were given plenary power over the form of the contracts made by them when approved by the corporation counsel, and the commissioners have adopted and the corporation counsel has approved a contract under seal. To establish that the commissioners exceeded their authority in making such a contract, it seems to us necessary to show, either that the contract under seal was necessarily detrimental to the interests of the city, or that it was not of the usual character and form of municipal contracts. Neither fact appears in this case. Doubtless a sealed instrument extends the time for enforcing any liability under it from six to twenty years, and this may be considered advantageous to the party making a claim under the contract and detrimental to the party upon whom it is sought to impose liability. But it cannot be told in advance to the benefit of which party this extension of the Statute of Limitations will inure. There are other advantages or possible disadvantages, as the future alone can determine, in contracts under seal. Though in many respects the effect of a seal has by recent statutes and decisions been very much impaired, nevertheless a sealed instrument still retains in law certain characteristics peculiar to itself. It binds the parties, and only the parties. It is not permitted to show by parol that the apparent parties to it acted merely as agents for other parties. (*Denike* v. *De Graaf*, 87 Hun, 61 ; affd. on opinion below, 152 N. Y. 650 ; *Elliott* v. *Brady*, 192 N. Y. 221.)

Whether on the whole such a form of contract would be more advantageous to the city than one not under seal was a matter as to which opinions might differ, and the determination of the question was conferred by the statute upon the commissioners and corporation counsel. It cannot be said that a sealed contract was necessarily more disadvantageous to the city than one unsealed.

In construing the power conferred upon an agent there will be implied the power to follow the usual and customary conduct adopted in the business. So an agent to sell either personal property or real estate has the power to convey with warranty where that is the common and usual mode of such transactions. (*Schultz* v. *Griffin*, 121 N. Y. 294.) Our own recollection of the many municipal contracts which have been the subject of litigation before us is that they are usually under seal. We do not say that we can take judicial notice of that fact, but in view of the plenary power conferred upon the commissioners by the statute, we think that if sealed instruments were exceptional and not the usual form of contracts by the defendant, the burden was on the defendant to show that fact. We are, therefore, of opinion that the disposition of the case below was erroneous, and that the judgment should be reversed and a new trial granted, with costs to abide the event.

WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; HAIGHT and WERNER, JJ., dissent; VANN, J., absent.

Judgment reversed, etc.