WOOD et al. v. WISE et al.

(Supreme Court, Appellate Division, Second Department. November 1, 1912.)

1. PRINCIPAL AND AGENT (§ 117*)—AUTHORITY OF AGENT—INSTRUMENT UNDER SEAL.

   If a conveyance or other act to be performed by an agent is required to be by deed, the agent's authority must be conferred by deed; but, if the instrument or act would be effectual without a seal, the addition of a seal will not render an authority under seal necessary, and, if executed under parol authority or subsequently ratified or adopted by parol, the instrument or act will be valid and binding on the principal.

   [Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 378–390; Dec. Dig. § 117.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PRINCIPAL AND AGENT (§ 117*)—AUTHORITY OF AGENT—CONTRACT UNDER SEAL.

Since a simple contract not under seal was all that was necessary to bind the parties to an agreement for the sale of real property to be conveyed in the future on the subsequent payment of a specified portion of the price, the fact that the contract made was, in fact, under seal, and was signed by one of the parties as agent for another pursuant to parol authority, did not render the same invalid.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 378–390; Dec. Dig. § 117.*]

3. TRIAL (§ 141*)—QUESTIONS OF LAW OR FACT—DIRECTION OF VERDICT.

Where, in an action on a contract for the sale of land, the only question was whether one of the plaintiffs had authority to sign the name of a brother to the contract on which the alleged principal testified that he had authorized his brother to sign any papers which might be necessary in the transaction, that he saw the paper soon after it was executed, and had received his share of the initial payment, and the brother who signed as agent testified that he executed the paper, and subsequently notified his brother of the execution thereof, and, after default had been made in the payment sued for, action was brought by both parties to recover the same, the fact that the evidence in support of the execution of the instrument and the authority of the agent to sign for his brother was furnished entirely by them did not require a submission of the question of the credibility of such witnesses to the jury under the rule that a jury may not arbitrarily disbelieve competent witnesses, where there is nothing in the circumstances of the case to warrant such disbelief.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 336; Dec. Dig. § 141.*]

Appeal from Trial Term, Nassau County.

Action by Wilbur B. Wood and another against Charles C. Wise and another. From an order denying defendant's motion on the minutes to set aside a verdict directed by the court in favor of plaintiffs and for a new trial, defendants appeal. Affirmed.

See, also, 135 N. Y. Supp. 1150.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Francis A. McCloskey, of Brooklyn, for appellants.

William Willett, Jr., of Far Rockaway, for respondents.

WOODWARD, J. On the 11th day of July, 1910, Wilbur B. Wood and Worthington V. Wood entered into a contract in writing, under seal, with Charles C. Wise and James M. Goss, by the terms of which the former, as party of the first part, agreed to sell to the latter, party of the second part, certain real estate for a consideration of $70,000, the terms of payment being $1,000 upon the execution of the agreement, the receipt of that sum being acknowledged; $6,000 in cash on the 1st day of September, 1910; $6,000 cash on the 1st day of October, 1910; $6,000 cash on the 1st day of November, 1910; and $6,000 cash upon the delivery of the deed on the 1st day of December, 1910, and a bond and mortgage upon the last-named date for $45,000. The defendants defaulted in the payment of the first two installments of $6,000 each, and this action was brought to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

recover these amounts. The complaint alleged the making of the con-
tract beween the parties upon the terms above mentioned, and that
the defendants had failed to pay the same, and demanded judgment
for the amount. The answer denied the making of the contract
between the parties, and set up as an affirmative defense that Wilbur
B. Wood and these defendants "signed, sealed and delivered a con-
tract in writing for the sale to defendants of the premises" described
in the complaint, and that Worthington V. Wood did not sign, seal,
or deliver the same contract. The same facts, in substance, are plead-
ed as a partial defense and in mitigation of damages, and as a fur-
ther defense it is alleged that Worthington V. Wood did not author-
ize Wilbur B. Wood in writing under seal to execute the contract in
question, with some other matters not necessary to be detailed here.

Upon the trial it was made to appear without dispute that Wilbur
B. Wood was verbally authorized by Worthington V. Wood to sign
all papers necessary to the transaction in his name, and the contract
in form is "between Wilbur B. Wood and Worthington V. Wood
* * * parties of the first part, and Charles C. Wise and James M.
Goss * * * parties of the second part." It further appeared,
without dispute, that Worthington V. Wood was informed of the
closing of the contract on the very day of its date, that he received
a part of the original $1,000, and approved and ratified the contract,
and has ever since retained his portion of the original payment, and
upon this state of facts the learned trial court granted defendants'
motion for the direction of a verdict. From the order of the court
denying a new trial, the defendants appeal to this court.

The defendants urge that it was error to deny the motion for a new
trial under the theory that, under the statute of frauds, it is neces-
sary that each of several vendors shall be bound, and that the con-
tract in question was not so executed as to bind Worthington V.
Wood, because it was not signed and sealed by him. It seems to
be conceded that, if the contract had not been sealed, the evidence
of authorization and of subsequent ratification on the part of Wor-
thington V. Wood would be sufficient, but is urged that, because the
contract in form is under seal, the failure of Worthington V. Wood
to sign and seal the same, or his failure to authorize such execution
by an instrument under seal, is sufficient to relieve him of obligation
under the contract, and that there is, therefore, no mutuality. Some
very elaborate reasoning is entered into on the part of the defendants
to show that this contention is in harmony with the law, but the cases
are against this contention, and this court is limited by authority.

[1] In Worrall v. Munn, 5 N. Y. 229, 239 (55 Am. Dec. 330), the
court, after a careful consideration of the question, said:

"I think the doctrine as it now prevails may be stated as follows, viz.:
If a conveyance or an act is required to be by deed, the authority of the
attorney or agent to execute it must be conferred by deed; but, if the instru-
ment or act would be effectual without a seal, the addition of a seal will not
render an authority under seal necessary, and, if executed under a parol
authority or subsequently ratified or adopted by parol, the instrument or
act will be valid and binding on the principal."

This doctrine was approved in Wood v. Auburn & Rochester R. R. Co., 8 N. Y. 160, 167, in Ford v. Williams, 13 N. Y. 577, 585, 67 Am. Dec. 83, in Briggs v. Partridge, 64 N. Y. 357, 364, 21 Am. Rep. 617, and was not discredited or questioned in Levin v. Dietz, 194 N. Y. 376, 381, 87 N. E. 454, 20 L. R. A. (N. S.) 251. On the contrary, the case is recognized as authority in Peterson v. City of New York, 194 N. Y. 437, 440, 87 N. E. 772. We conclude, therefore, upon this branch of the case, that the appeal is without merit.

[2] A simple contract was all that was necessary between the parties. The defendants, for a good consideration, agreed to pay $6,000 in September and October, as much as though they had made a promissory note for each of these sums, and the action lies to recover these amounts without tendering a conveyance of the premises, for the contract clearly contemplated the payment of these sums before there was any obligation on the part of the plaintiffs to do anything more than had already been done. This was held in the case of Paine v. Brown, 37 N. Y. 228. Indeed, it was there laid down as the law that, where the contract by its terms provided that payments should be made previously to the execution of the deed, it was not necessary for the plaintiff to convey or to offer to convey, before bringing suit, even for the last installment, and the doctrine of this case was reasserted in Gray v. Booth, 64 App. Div. 231, 236, 71 N. Y. Supp. 1015, and in Eddy v. Davis, 116 N. Y. 247, 22 N. E. 362.

[3] The defendants urge that, as the evidence in support of the allegation of the complaint that the plaintiffs entered into a contract with the defendants is furnished by the plaintiffs, the court erred in refusing to submit the question to the jury, on the ground that the plaintiffs were interested witnesses. There was no question that Wilbur B. Wood executed the contract in his own behalf. There was no question that he signed the instrument in behalf of his brother. The only question, then, was whether he had the authority to sign the name of his brother, and upon that point Worthington V. Wood testified that he authorized his brother to sign any papers which might be necessary in the transaction, that he saw the paper soon after it was executed, and that he had received his share of the initial payment of $1,000, and Wilbur B. Wood testified that he executed the paper, and that he subsequently notified his brother of the execution of the same. The last of the two payments under this contract fell due on the 1st day of October, 1910, and the action was brought on the 7th day of October of that year, so that there was clearly a ratification on the part of Worthington V. Wood at that time, and there was no good reason why he might not ratify it at any time within a reasonable period of its execution, particularly if the relations of the parties had not been changed, and there is no suggestion of such a change here. There was nothing unusual or improbable in the case, and to say that the court erred in refusing to submit the question of the credibility of witnesses under such circumstances is to refine due process of law to the impracticable. A jury has no authority to arbitrarily disbelieve competent witnesses where there is nothing in the circumstances of the case to warrant

such disbelief. There were no facts tending to impeach or discredit the witnesses, and there was no room for the intervention of a jury.

The order appealed from should be affirmed, with costs. All concur.