Rebecca S. Wood, as Executrix of Wilbur B. Wood, Deceased, et al., Respondents, *v.* Charles C. Wise et al., Appellants.

*Wood* v. *Wise*, 153 App. Div. 223, affirmed.
(Argued April 14, 1913; decided April 29, 1913.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 1, 1912, which affirmed an order of the court at a Trial Term denying a motion to set aside a verdict in favor of plaintiffs and for a new

trial in an action to recover money alleged to be due under a contract for the sale of land.

The following questions were certified: "*First*. Whether a contract between private parties for the sale of lands, which contract purports to have been executed by the parties as a sealed instrument and which the undisputed facts show was signed and sealed by one of two vendors as his own act and deed and by the other vendor by and through the agency of his co-vendor acting under mere oral authority to sign his name to any necessary papers is, within the Statute of Frauds, executed by the lawfully authorized agent of the vendor who did not personally sign and seal the contract and whether such contract is mutually obligatory on all the vendors and the vendees.

"*Second*. Whether, in the written contract sued on here, the facts being undisputed, and the vendees never having had possession of the land, the vendees' covenants to pay the consideration were independent covenants, so that it may be said, as a matter of law, that the vendees agreed to pay in consideration only of the obligation or executory contract of the vendors and not in consideration of the actual conveyance of the land itself.

"*Third*. Whether in this case, the facts being undisputed, the plaintiffs were bound to plead or prove the tender on their part, or a readiness and willingness to perform the covenants by them to be performed.

"*Fourth*. Whether in this case the direction of a verdict for the full amount claimed by the plaintiffs was error in view of the absence of a plea or proof by plaintiffs of any depreciation in the value of the land.

"*Fifth*. Whether the motion for a new trial should not have been granted by the trial court and the order denying a new trial reversed by this court, as a matter of law and not as a matter of discretion."

*Frances A. McCloskey* for appellants.

*William Willett, Jr.*, for respondents.

Order affirmed, with costs, on opinion of WOODWARD, J., below.   First question certified answered in the affirmative; second question not answered; third and fourth questions answered in the negative; fifth question answered, a new trial should not have been granted.

Concur: CULLEN, Ch. J., WERNER, HISCOCK, COLLIN, CUDDEBACK and MILLER.   Absent: GRAY, J.