In the Matter of Summary Proceedings Instituted by EDMOND BENSAMAN, Landlord, Respondent, *v.* NERSES BEDROSIAN, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, April 15, 1924.

**Summary proceedings to dispossess — incumbent on landlord to establish right to possession at date of institution of proceeding — error for trial judge to hold that landlord would be entitled to possession more than five months after institution of proceeding.**

In a summary proceeding brought on a landlord's petition that the tenant was a monthly tenant and that after the giving of the statutory thirty days' notice the tenant held over the term it was incumbent upon the landlord to establish that at the time of the institution of the summary proceeding he was entitled

to the possession of the premises on the ground that the tenant's term had then expired and he was holding over without the consent of the landlord.

Whether the landlord at any particular date after the commencement of the proceeding would be entitled to possession could not be an issue and it was error for the trial judge to hold in effect that the landlord would be entitled to possession at a date more than five months after the institution of the proceeding.

APPEAL by tenant from a final order of the Municipal Court of the city of New York, borough of Manhattan, first district.

*Edward C. O. Thomas,* for the appellant.

*Engel Brothers* (*Isidore Schneider,* of counsel), for the respondent.

*Per Curiam.* The summary proceeding was brought on the landlord's petition that the tenant was a monthly tenant of the demised premises and that after the giving of the statutory thirty-day notice the tenant held over the term. On the trial the tenant sought to establish that he was in possession under a lease expiring May 1, 1925.

The return contains the " original decision " (in effect a final order) dated December 17, 1923, " that the tenant is entitled to judgment after trial." The landlord thereupon moved for a new trial or in the alternative that the " judgment " of the court be amended so as to adjudicate the tenancy to be an indefinite hiring ending May 1, 1924. On December twenty-eighth the final order or so-called " original decision," was resettled by a " decision " that the tenant's term " does not expire until May 1, 1924, and the tenant is entitled to judgment after trial; " and on February 28, 1924, a final order was made by which it was " ordered, adjudged and decreed that the tenant's term does not expire until May 1, 1924, and the tenant is entitled to possession of the premises until the said date."

Under the allegations of the petition it was incumbent upon the landlord to establish that at the time of the institution of the summary proceeding, December 4, 1923, he was entitled to the possession of the premises on the ground that the tenant's term had then expired and he was holding over without the consent of the landlord. Whether the landlord at any particular date after the commencement of the proceeding would be entitled to possession could not be an issue, and it was error for the trial judge, after finding that the landlord was not entitled to possession, to hold in effect that the landlord would be entitled to possession at a date more than five months after the institution of the proceeding.

As the landlord has not appealed it is unnecessary for us to review the correctness of the decision that the tenant did not hold over after the expiration of his term.

Final order modified by striking out so much thereof as limits the tenant's right of possession to the 1st day of May, 1924, and as so modified affirmed, with twenty-five dollars costs to appellant.

All concur; present, Guy, Wagner and Wasservogel, JJ.

Ordered accordingly.