ERNEST C. COLLINS, Appellant, *v.* HIRAM E. WIDGER, Defendant,
Impleaded with GEORGE B. PALMER, Respondent.

Third Department, January 14, 1931.

*Edward H. O'Connor* [*H. C. Stratton* of counsel], for the appellant.

*Floyd S. Spangle*, for the respondent.

WHITMYER, J.   The action is on a promissory note for $581.62, datetd November 10, 1927, and payable three months from its date to the order of plaintiff at a bank.

Defendant Widger was the maker and defendant Palmer the indorser.   The maker had signed his own name and the name of the indorser on the note and it was not protested.   Authorization to sign and to waive protest and waiver thereof are the claims.

" The signature of any party may be made by a duly authorized agent. No particular form of appointment is necessary for this purpose; and the authority of the agent may be established as in other cases of agency." (Neg. Inst. Law, § 38.) The authority need not be under seal or in writing. It may be by parol. (*Worrall* v. *Munn*, 5 N. Y. 229, 243; *Farmers & Mechanics' Bank of Kent County* v. *Butchers & Drovers' Bank*, 16 id. 125; *Wood* v. *Wise*, 153 App. Div. 223; affd., 208 N. Y. 586.)

In the spring of 1924, Palmer, the indorser, living in Fulton, Oswego county, N. Y., leased his farm of 328 acres, located in Madison county, N. Y., to Widger, the maker, on shares, on a forty-sixty basis. At that time fourteen cows were on the farm and more were needed or wanted. So Widger went to see plaintiff, a dealer in cattle, about purchasing them.

He picked out ten. The price was to be $948, and plaintiff told Widger that he would let him have them if Palmer would go on the note to be given for them. Thereupon, Widger telephoned to Palmer, asking if he would help him. Palmer agreed and Widger mailed the note to him for the amount, and Palmer indorsed and returned it. Widger then delivered the note, which he had signed, to plaintiff, and the cows were turned over to him. After that first note was given, Palmer came to the farm with his son. He started to go out in the lot to look at the cows, but, being lame, his son went out, looked at them, and reported that " they were a good bunch." Then, according to Widger, they had a talk about the notes and Palmer told him that he " might sign the notes, his name and my name on the notes, so they wouldn't go to protest." The notes were renewed from time to time thereafter and were signed by Widger for both. He made payments upon them out of the proceeds of the farm. At first, milk checks came in their joint names and Widger signed them, sending Palmer his share. In April, 1926, Widger contracted to buy the farm. About that time, the milk checks, by agreement, were received by Andrews, a feed man, to whom Widger was indebted for feed, and he divided the proceeds in accordance with the agreement. The note in suit was the last one which was given. The indebtedness had been reduced to the amount therein stated. Shortly after it was given, plaintiff, Widger and his wife and the feed man went to Fulton, N. Y., to see Palmer about the note. Plaintiff testified that he told Palmer, in effect, that he was looking to him for the payment because his name was on it, and that Palmer answered, " I understand so " and said that he had made provision, as long as his name was on it, for plaintiff to have his money. The feed dealer and the Widgers testified to the same effect. And Widger

testified, among other things, that he took six and left four of the ten cows, purchased, when he moved from the farm. That was according to the share basis.

There was evidence of express authority to sign the indorser's name on the note. And there was evidence that the authority was given to prevent protest. " The power to make and indorse negotiable instruments may be implied as a necessary incident of powers expressly conferred, as where an entire business or an entire transaction is intrusted to the agent and it becomes necessary to make or indorse negotiable paper in order to effectually carry out the agency." (*Porges* v. *United States Mortgage & Trust Co.*, 135 App. Div. 484 487; revd. on other grounds, 203 N. Y. 181.)

Here there was some evidence on the question whether or not the right to waive protest was within the contemplation of the parties. While authority to sign the guaranty of payment was not sufficiently proved, plaintiff may be entitled to recover, nevertheless, for his action is on the theory of the liability of the indorser, waiving protest.

We think that the judgment should be reversed and that a new trial should be granted, with costs to the appellant to abide the event.

All concur.

Judgment reversed on the law and new trial granted, with costs to the appellant to abide the event.