1407 BROADWAY REALTY CORP., Landlord, Appellant-Respondent, *v.* ESTHER SHEBY et al., Tenants, Respondents-Appellants.

Supreme Court, Appellate Term, First Department, January 26, 1948.

*Leon Liner* and *Monroe Goldwater* for landlord, appellant-respondent.

*Michael Sibilio* and .*William Lambert* for Esther Sheby and others, tenants-appellants, and Alexander Weber, tenant-respondent.

*Samuel Masia, Henry H. Zolki* and *Archibalt Palmer* for Greenhouse-Brandt, Inc., of New York, tenant, and others, undertenants-respondents.

*Louis Rubin* and *Abraham Kraditor* for Donald Fuchs and others, undertenants-respondents.

*Henry J. Buchman* for Max Glanzer, tenant-respondent.

*Hyman Hecht* and *H. Robert Levine* for Alfred Horowitz and another, tenants-respondents.

*Joseph Calderon* for David Oumano and another, tenants-respondents.

*Per Curiam.* The proceedings were brought by the landlord, owner of premises known as 1393–5 Broadway on the ground of intention to demolish the premises and erect a forty-one-story building thereon in conformity with plans and specifications approved by the department of housing and buildings.

The tenants claimed that the court had no jurisdiction of the subject matter by reason of the denial by the Civilian Production Administration of permission for the construction of the proposed new building. The point is also made by the tenants-appellants that in three of these cases where the landlord prevailed it was error to direct a verdict for the landlord.

In *Gilpin* v. *Mutual Life Ins. Co. of New York* (64 N. Y. S. 2d 436) the landlord having brought summary proceedings on the ground of demolition the tenants sued for an injunction against their removal, and consolidation of the proceedings and suit was granted by the Supreme Court. The petition in said proceedings showed approval of the plans and specifications by the proper authority. The trial court in June, 1946, decided

in favor of the landlord (64 N. Y. S. 2d 436, *supra*). December 20, 1946, the Appellate Division reversed (271 App. Div. 499) on the ground that the Civilian Production Administration forbade the beginning of construction work without first obtaining specific authorization from the administration.

In three of these proceedings tried below (Nos. 5, 6 and 7) a verdict was directed for the landlord on the authority of the opinion of the Special Term Judge in the *Gilpin* case (*supra*). The remaining cases before us were tried after reversal of that case by the Appellate Division and final orders awarded the tenants.

It seems to us that the petitions in the present proceeding showing approval of the plans and specifications by the proper authority coupled with the facts stated therein as to the expiration of the tenants' terms and the giving of due notice satisfied the requirements of the Civil Practice Act and the emergency statute, and that the denial of the administration permit was matter in the nature of a defense. The ruling of the Civilian Production Administration forbade the beginning of construction without specific authorization; demolition, excavation and site preparation work were excluded from the operation of the order.

These cases differ from the authorities relied upon by the tenants holding that in a summary proceeding on the ground that the tenant remains over his term it must appear that at the time of the issuance of the precept the tenant was holding over his term. (See *Bensaman* v. *Bedrosian,* 123 Misc. 146.)

By the Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1891 *et seq.*), effective July 1, 1947, authorization by the Civilian Production Administration for the beginning of new construction has been repealed; and the rule that an appellate court may look at the state of the law as of the date of the submission of the appeal and not as of the date of the order or judgment from which the appeal is taken would seem applicable (*United States* v. *Schooner Peggy,* 1 Cranch [U. S.] 103; *Quaker Oats Co.* v. *City of New York,* 295 N. Y. 527).

In the three jury cases wherein the landlord prevailed (Nos. 5, 6 and 7) appellants claim that the Trial Judge erred in directing a verdict for the landlord on the ground that the question of good faith should have been submitted to the jury.

It appears from the agreed statement of the facts in the *Greenhouse-Brandt, Inc. of New York* case (No. 93):

" Second: That on November 30, 1943, 1407 Broadway Realty Corp. purchased the demised premises 1393–5 Broadway, (which was included in a tract of land covering the square block from

38th Street to 39th Street, Broadway to Seventh Avenue, with the exception of the corner of 38th Street and Seventh Avenue), in the Borough of Manhattan, City of New York, situate within the territorial jurisdiction of the Municipal Court of the City of New York, Borough of Manhattan, Ninth District, from Wendel Foundation, for the sum of One million two hundred thousand Dollars ($1,200,000.) ($50,000. additional having been paid for the purchase of a contract from Wendel to Louis Abrons) in an all-cash and no mortgage transaction, by deed dated that day, which deed was recorded in the office of the Register of the County of New York on December 2nd, 1943, in Liber 4247 of Conveyances, page 34, and said 1407 Broadway Realty Corp. has at all times since said first mentioned date been and now is the owner in fee and Landlord of the premises hereinafter described and succeeded to all the right, title and interest of the prior landlord in and to said premises, including the lease hereinbelow described.''

'' Fifth: 1407 Broadway Realty Corp. was formed for the specific purpose of obtaining title to the demised premises and the other premises described in paragraph ' Second ' hereof, with the express purpose at the time of formation of said corporation and purchase of said property, of demolishing the existing buildings thereon and erecting on the site thereon a modern 41-story fire-proof building. Said building was to contain approximately 900,000 cubic feet, was to have 25 elevators, 18 passenger and 7 freight, with inside loading platforms, garage in the basement, and was to be so constructed that 85% thereof could be used for offices and showrooms and 15% thereof for light manufacturing specifically for the textile industry.''

'' Sixth: That early in 1944, 1407 Broadway Realty Corp. retained Kahn and Jacobs, of 2 Park Avenue, New York 16, New York, as architects to draw the plans and specifications for said new building, and associated with said Kahn and Jacobs and retained by the Landlord was Sydney Goldstone, as associate architect. The said architects drew the plans and specifications which were subsequently filed with the Department of Housing and Buildings of the City of New York early in 1944. 1407 Broadway Realty Corp. has obligated itself to pay to the firm of Kahn and Jacobs the sum of approximately One hundred thousand Dollars ($100,000.) for architectural services rendered and to be rendered, of which approximately Sixty thousand Dollars ($60,000.) has already been paid; Sydney Goldstone has not been paid for his services but is to render a bill for the reasonable value thereof upon the completion of the job. To date Goldstone has worked three years on this project, devoting approximately one-third of his time thereto.''

" Eighth: On or about December, 1945, the 1407 Broadway Realty Corp. caused to be prepared signs advertising to the Tenants specifically and to the world in general that the site of the demised premises would be used for the erection of said 41-story building. These signs were erected on the corner of 39th Street and Seventh Avenue and 38th Street and Broadway; the latter being attached to the building occupied by Greenhouse-Brandt Inc. of New York and immediately above its quarters. True copies of the photographs attached to the building on Broadway and 38th Street are annexed hereto and made a part hereof as Exhibit ' A '."

" Eleventh: Landlord seeks to recover possession of the demised premises for the immediate purpose of demolishing the building in which the demised premises are situate for the purpose and with the intention of constructing a new building on said site and had, prior to the commencement of these proceedings and on May 7th, 1946, entered into a contract with the Bethlehem Steel Company for the furnishing and erection of the steel work in the new building, which said contract expired October 31, 1946 and was subsequently renewed; had entered into approximately 50 leases with prospective tenants for occupancy in the new building."

The landlord's evidence in the other cases is in line with the above.

Our attention has not been called by any of the appellants to any fact tending to impair the good faith of the landlord.

On the facts shown direction of the verdict in Nos. 5, 6 and 7 was proper. A judge may direct a verdict when he would set aside a contrary verdict as against the weight of the evidence (Civ. Prac. Act, § 457-a. See *Blum* v. *Fresh Grown Preserve Corp.*, 292 N. Y. 241.)

Final orders for tenants in the proceedings against Glanzer (No. 78), Davascio (No. 79), Horowitz and Axelrod (No. 80), Oumano (No. 81) and Greenhouse-Brandt, Inc., of New York and others (No. 93) reversed, with $30 costs, and final orders directed for landlord, with costs; final order for tenant Weber and others (No. 94) reversed, and a new trial ordered, with $30 costs to appellant to abide the event; and final orders for landlord in proceedings against Sheby and others (No. 5), Sacks and others (No. 6) and Fisher and others (No. 7) affirmed, with $25 costs.

HAMMER, HOFSTADTER and HECHT, JJ., concur.

Ordered accordingly.