Cohn, J.
After the expiration date of a lease, the term of which had been extended to September 30, 1947, the landlord owner of the hotel known as Hampshire House, brought this summary holdover proceeding against the tenant. It was alleged that the premises occupied by the tenant as a valet shop were sought by the landlord for its immediate and personal use (Commercial Rent Law, L. 1945, ch. 3, § 8, as amd.).
In its answer to the petition the tenant affirmatively pleaded that in August, 1946, at the request of the landlord it moved from the space it had been occupying on the third floor of the Hampshire House to certain space in the basement thereof relying on the landlord’s assurance that the tenant could remain as a tenant so long as the 150 Central Park South, Inc., the landlord herein, owned the hotel. It is asserted that that corporation still owns the Hampshire House and, therefore, tenant is not a holdover.
On the trial of the case two issues were submitted by the court to a jury: (1) Whether the landlord sought in good faith to recover possession of the demised premises for its immediate and personal use, and (2) Whether an oral agreement had been made whereby the landlord had agreed to permit the tenant to *216 remain as long as the landlord owned or was in any way connected with the Hampshire House. The landlord took exception to the submission of either question to the jury. Upon the jury’s verdict in favor of the tenant, the court dismissed the landlord’s petition.
The record shows that the vice-president of the landlord testified that it desired the space occupied by the tenant for its own immediate use for the purpose of operating the valet shop itself in order to improve the service. Save for the portion of the hotel occupied by this tenant, the building in its entirety was used by the landlord for hotel purposes. There was no evidence establishing lack of good faith on the part of the landlord in seeking to recover the premises for its immediate, personal use, nor was any fact adduced which might tend to impair the good faith of the landlord. In a situation like the present involving this kind of service in a hotel, the jury was without authority to arbitrarily cast out the testimony of the landlord’s witnesses where, as here, there was nothing in the case to warrant its disbelief (Wood v. Wise, 153 App. Div. 223, 227, affd. 208 N. Y. 586). Upon this branch of the case the landlord made out a case entitling it to possession of the premises (Coyne v. Silvers, 187 Misc. 357, 359, affd. 271 App. Div. 777; 1407 Broadway Realty Corp. v. Sheby, 191 Misc. 104, affd. 273 App. Div. 1003).
The position which the tenant takes on this appeal in relation to its defense is that although its written lease in August, 1946, had more than a year to run, an oral lease was created at that time upon the tenant’s removal to the basement space in the hotel.
It is urged by the tenant that the oral lease does not violate section 242 of the Eeal Property Law because the agreement by its terms could have been performed within a year. This statute so far as pertinent reads as follows: “ An estate or interest in real property, other than a lease for a term not exceeding one year * * * can not be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing.”
Section 31 of the Personal Property Law provides in part:
“ Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking;
*217 “ 1. By its terms is not to be performed within one year from the making thereof or the performance of which is not to be completed before the end of a lifetime ”.
Unlike the provisions of the Personal Property Law quoted, there is nothing in the Real Property statute which suggests that an oral lease is void if it is not to be performed within one year from the making thereof. Accordingly, whether or not the oral lease involved here was capable of being fully performed within a year is of no importance so far as section 242 of Real Property Law is concerned. That statute very clearly indicates that a lease for a term exceeding a year cannot be created except by a writing subscribed by the lessor (300 West End Ave. Corp. v. Warner, 250 N. Y. 221, 228).
At the commencement of the present summary proceeding more than one year had elapsed since the date defendant asserts the oral lease, upon which it relies, was made. As one year was the maximum period for which an oral lease could have been created or granted, by virtue of the provisions of section 242 of the Real Property Law, the defense of the tenant must fail.
In the circumstances neither of the two aforementioned issues should have been submitted to the jury. The trial court instead should have directed a verdict in favor of the landlord.
The determination of the Appellate Term should be reversed, with costs to the landlord appellant and a final order directed in favor of the landlord appellant, with costs.