## Mullins v. Commonwealth.

(Decided February 1, 1918.)

### Appeal from Pike Circuit Court.

1. Bail—Surety in Bail Bond—Power of Attorney to Sign Bond.—
   Where one becomes surety in a bail bond by the act of an attorney in fact authorized by a power of attorney from him to sign his name to such bond, he cannot, following its forfeiture by the court, escape liability on such bond because of the omission from the power of attorney authorizing the signing of his name thereto, of the amount of bail to be named in the bond, or because the amount of bail had not been fixed by the court before the power of attorney was executed.

2. Bail—Principal and Agent—Power of Attorney.—It is an elementary law of agency that whatever lawful act one may do himself he may have performed by an agent, and the latter's performance of it will be as legally binding upon the principal as if performed by him in person. A power of attorney is nothing more than an instrument of writing by which the authority of an attorney in fact or private attorney is set forth. It is enough if the principal in the writing makes a clear expression of his desires. Nor need the writing be so detailed as to specify every act the agent is empowered to do or particularly to describe the property or thing with which he is to deal, provided it is specific enough to enable him reasonably to understand his principal's will. As the power of attorney given in this case in specific terms authorized the attorney in fact named therein "to execute, sign and acknowledge and deliver said bond in any sum required to be given and do and perform all things in the matter and execution of said bond as if I gave it if I was present," it was broad enough in its language to define every act to be done by the attorney in fact. And authority to the attorney in fact such as was therein given to sign the name of the principal as surety in the bail bond "in any amount" necessarily meant any amount at which the court having authority to take the bond might see fit to fix the bail.

3. Bail—Surety in Bail Bond—Power of Attorney—It was not necessary that the amount of bail to be expressed in the bond should

have been fixed by the court before the power of attorney, authorizing the signing of the surety's name thereto, was executed. But only required that it be done before the surety's name was signed to the bond; and as the authority given to the surety's agent or attorney in fact by the power of attorney was broad enough to permit the latter to sign his name to a bond in any amount that might be required by the court, and he in fact exercised the authority by executing for him the bond in an amount fixed by the court, the acceptance of the bond by the court imposed liability upon the surety.

J. W. YORK for appellant.

CHARLES H. MORRIS, Attorney General, and D. M. HOWERTON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

This is an appeal from a judgment for $5,000.00 rendered against the appellant, G. W. Mullins, in the Pike circuit court upon a forfeited bail bond, in which he was bail or surety for the appearance, at the May term of that court, of one Lloyd Cantrell to answer an indictment charging him with the crime of murder. Cantrell failed to appear in court in obedience to the bail bond; hence, following the forfeiture of the bond, appellant was duly summoned to show cause, if any he could, why judgment should not go against him for the amount named in the bond. He filed a response in two paragraphs; the first denying that he executed the bail bond as the surety of Lloyd Cantrell or otherwise, or that he authorized any one to execute it for him, or that it was his act or deed. In the second paragraph it was admitted that he executed to one J. S. Cline a power of attorney authorizing him to sign his name to a bail bond for Lloyd Cantrell; but alleged "that there was no amount fixed in the power of attorney that he was to be liable for, nor had the amount of bail been fixed by the court at the time he executed the power of attorney to the said J. S. Cline, and the same is not binding or obligatory on him."

On the trial of the issues made by the response the parties filed an agreed statement of the facts which showed the due execution of the bail bond by the appellant, whose name was signed thereto by J. S. Cline, his attorney in fact; that prior to the execution of the bail bond and its acceptance by the court there was filed an affidavit signed and sworn to by appellant, which declared

that he was the owner of real estate in fee simple of the fair cash value of $5,000.00 over and above all exemptions and liabilities. The power of attorney from appellant to J. S. Cline is as follows:

"Commonwealth of Kentucky v. (Power of Attorney) Lloyd Cantrell.

"The undersigned, G. W. Mullins, hereby by these presents do empower and constitute and appoint J. S. Cline, of Pikeville, Ky., my true lawful attorney in fact and in my name to sign and execute and acknowledge a certain bail bond required to be executed by Lloyd Cantrell, charged with the crime of murder, and to execute, sign and acknowledge and deliver said bond in any sum required to be given, and to do and perform all things in the matter and execution of said bond as if I gave it if I was present.

His<br>
"(Signed)  G. W. Mullins.<br>
Mark.

"Attested:   J. E. Sanders."

Following and attached to the above writing is the following certificate

"State of Kentucky,<br>
County of Pike,

"I, J. E. Sanders, a Notary Public in and for the county and state aforesaid, do certify that foregoing instrument of writing was produced to me in my office and acknowledged before me by the said G. W. Mullins to be his act and deed and for the purposes therein mentioned. My commission expires the 15th day of March, 1920. Given under my hand this the 28th day of February, 1917.

"(Signed)  J. E. Sanders,<br>
Notary Public, Pike Co., Ky."

The above bond, power of attorney and certificate of the notary public, and also the affidavit of G. W. Mullins as to his solvency, were all produced and filed in the Pike circuit court March 8, 1917, on the day the bail bond was executed and immediately before its execution and acceptance.

By the judgment appealed from the court held the response of appellant insufficient and adjudged the Commonwealth a recovery of the amount of the bail bond.

The appellant filed motion and grounds for a new trial, but the motion was overruled.

Appellant does not object to the form of the bail bond or question the regularity of the proceedings resulting in its forfeiture. His sole complaint is that the judgment appealed from should be reversed because the bail bond was and is without any obligatory force as to him; it being his contention that J. S. Cline, by whom his name was signed to the bond, was without authority to sign his name thereto or for him to execute the bond. This contention is rested upon the ground that as the power of attorney does not fix or indicate the penal sum for which the bail bond was to be executed and, because when it was given the Pike circuit court had not previously fixed the amount of the bail bond, these facts rendered the power of attorney as well as the bail bond void. We are unable to understand by what process of reasoning this contention can be sustained. Obviously, it cannot be denied that appellant possessed the right and capacity to execute a valid power of attorney for the purpose of authorizing another to sign his name as surety in the bail bond. It is an elementary law of agency that whatever lawful act a principal may do himself, he may have performed by an agent, and that the latter's performance of it will be as legally binding upon the principal as if performed by him in person. Meechem on Agency, section 80; Storey on Agency, section 6. In 31 Cyc. 1229 it is said:

"An agent for any purpose may be, and often is, appointed by writing, called the power of attorney; and if written authority is required by law the same provision that requires the writing forbids that a power previously given shall subsequently be extended or altered by parol. Although it has been held that the term power of attorney imports a sealed instrument unless the contrary is shown, yet that is not at all necessary, and is now much less common than formerly. Indeed, to constitute a valid power no special form is requisite. It is enough if the principal in the writing makes a clear expression of his desires. Nor need the writing be so detailed as to specify every act the agent is empowered to do, or particularly to describe the property with which he is to deal, provided it is specific enough to enable him reasonably to understand his principal's will. . . ."

In brief, a power of attorney is nothing more than an instrument of writing appointing an attorney in fact for an avowed purpose, and setting forth his powers and duties.

The language of the power of attorney under consideration is explicit as to the identity both of the principal and agent; and equally so as to the authority conferred by the former on the latter. It leaves nothing to be implied, but defines in precise words every act to be done by the attorney in fact. In specific terms it authorizes J. S. Cline, attorney in fact, "To execute, sign and acknowledge and deliver said bond *in any sum required to be given and to do and perform all things in the matter and execution of said bond as if I gave it if I was present.*" Obviously, authority to the attorney in fact such as was here given to sign the name of the principal as surety in the bail bond "in any amount," necessarily meant any amount at which the court having authority to take the bond might see fit to fix the bail. The instrument could not specify the amount of the bond as the court had not then fixed the amount; so, with knowledge of that fact and of the further fact that the amount would later be specified by the court before the bond was executed or accepted, it was the evident intention of appellant to leave the attorney in fact free to execute for him the bond in whatever amount the court might require. As the authority thus given by appellant was broad enough to permit the attorney in fact to sign a bond in any amount that might be required of Lloyd Cantrell, and the attorney exercised the authority by executing for appellant the bond in an amount fixed by the court, the acceptance of the bond by the court places appellant in an attitude which prevents him from now questioning that act of the attorney in fact, and makes the case one authorizing the application of the doctrine of estoppel. It was not necessary to record the power of attorney or even that it should have been acknowledged before a notary public, but the formality with which it was executed by appellant is of itself sufficient to show his intention to impress the court and officers of the law with his purpose to become bail for Cantrell in any amount that might be fixed by the court.

We think it clear that the validity of the power of attorney was not affected by the omission therefrom of the amount of the bail bond to which the attorney in fact was

authorized to sign the appellant's name. And, if right in this conclusion, it is equally clear that the bail bond was not void as to appellant because of any want of authority on the part of the attorney in fact to execute it for him.

No reason is perceived for disturbing the judgment of the circuit court; hence, it is affirmed.