### FILTSCH v. BISHOP.

No. 16823—Opinion Filed July 6, 1926.

1. **Principal and Agent—Right to Terminate Relation—Power Coupled with Interest.**

A power of attorney which, in effect, is a mere contract of agency is revocable at the will of the principal, unless the contract constitutes "a power coupled with an interest."

2. **Same—"Power Coupled with an Interest."**

A power is coupled with an interest when the writing conveys, or vests in the agent, an interest or estate in the thing or property which is the subject of the agency, as distinguished from the proceeds or result of the exercise of the agency.

3. **Pleading—General Demurrer—Sustained Only Where Petition, Considering all the Facts, is Insufficient.**

A general demurrer to a petition may be sustained only where the petition is so defective that the court is authorized, taking all the facts to be admitted, in concluding no cause of action is stated entitling plaintiff to any relief.

(Syllabus by Estes. C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Darwin Filtsch against Joe Bishop. From a judgment for defendant, plaintiff appeals. Reversed.

Dawes & Kyle and Eugene B. Smith, for plaintiff in error.

Vilas v. Vernor and R. M. Mountcastle, for defendant in error.

Opinion by ESTES, C. Parties appear in the same order as in the trial court. From a judgment against plaintiff on general demurrer of defendant to plaintiff's amended petition, plaintiff appeals. The sole question presented is, Does the amended petition state any facts upon which the plaintiff is entitled to any relief? If it does, the judgment should be reversed; if it does not, the judgment should be affirmed. The following summary of the substantial allegations of the lengthy petition will suffice for our purposes: Plaintiff alleged that by reason of his enrollment as a Creek freedman, defendant, Bishop, was allotted certain described parcels of real estate in four several counties in this state. and was the owner of personal property of the value of $6,000; that for several years defendant had been confined in a state reformatory, the superintendent of which was one J. H. Lilley, colored: that while he was thus confined, the said Lilley, by cunning and by overreaching defendant, procured deeds conveying all of defendant's real estate to Lilley, and also an instrument in writing from defendant, empowering Lilley with possession, control, and disposition of all of defendant's lands and his personal property, such deeds and power of attorney being recorded in the various counties where the land lay; that defendant attained his majority on August 7, 1923, at which time he was discharged from said institution; that on December 26, 1923, defendant orally engaged the services of plaintiff to take charge of his affairs, employ counsel, and do all things necessary to recover defendant's property; that in consideration of plaintiff's promise to perform such services, defendant agreed to pay plaintiff certain sums of money, already expended by plaintiff for the personal benefit of defendant; that for services to be rendered, defendant agreed to pay plaintiff 15 per cent. of the value of all of his property, and 35 per cent. thereof additional for attorney fees, expenses, and costs; that defendant also executed to plaintiff a power of attorney. copy being exhibited to the petition, and hereinafter referred to, the power of attorney being also recorded in such four counties; that pursuant to such agreement, plaintiff employed an attorney, Smith, to prosecute suits to recover such property; that plaintiff "expended large sums of money for the benefit of said defendant, Joe Bishop, and in his interest, including sums of money personally advanced to said defendant, to wit, in the sum of $1,000"; that on January 9, 1924, defendant executed a written revocation of plaintiff's power of attorney and duly recorded same in such four counties. Plaintiff prayed for an adjudication of all the rights and interests accruing to him under his contract with, and power of attorney from, defendant; and decreeing a lien to plaintiff upon all of the property, and canceling said revocation of such power of attorney given by defendant to plaintiff; and validating plaintiff's power of attorney, and for general relief. The power of attorney from defendant to plaintiff is lengthy, describing the real estate. The only material terms thereof necessary to notice here are that the same confers plenary powers upon plaintiff to recover, hold. manage, and dispose of defendant's property. It does not purport to grant any estate or interest therein, or lien upon, the property in favor of plaintiff.

1, 2. Plaintiff argues that said petition states a cause of action in this: That under the power of attorney, or under the power of attorney and the oral agreement between the parties for plaintiff's services, plaintiff is entitled to be decreed an interest in the real estate. This cannot be. A contract of agency is revocable at the will of the principal, unless the contract constitutes "a power coupled with an interest." McKellop et al. v. DeWitz et al.. 42 Okla. 220, 140 Pac. 1161. That case also holds that the phrase "a power coupled with an interest," means a writing creating in, conveying to, or vesting in the agent an interest or estate in the thing or property which is the subject of the agency, as distinguished from the proceeds or result of the exercise of the agency, and that the estate or interest vested or granted in the agent must be such as the agent could convey in his own name in the event of the death of the principal. Under this rule, the said power of attorney given by defendant to plaintiff was a naked agency contract. and was revocable at the will of defendant. It follows that the petition does not state a cause of action for cancellation of the revocation of such power of attorney. Nor do the allegations of the oral agreement for the services of plaintiff. standing alone, or coupled with said power of attorney, constitute a cause of action

against defendant for the equitable relief of lien or interest in the property.

3. However, the petition does allege, in a very general way, a cause of action for $1,000 for money expended by plaintiff for the use and benefit of defendant. The record shows that defendant had sought in vain to have this petition made more definite and certain, but that matter is not presented for review in this appeal. As held in Ross v. Breene, 88 Okla. 37, 211 Pac. 417, a general demurrer to a petition on the ground that the facts stated are insufficient to constitute a cause of action, may be sustained only where the petition is so defective that the court is authorized, taking all the facts to be admitted, in concluding that no cause of action is stated entitling the plaintiff to any relief. Under this rule, we cannot say that said petition fails to state a cause of action for any relief at law. Defendant contends that election of remedies on the part of plaintiff is involved—that plaintiff might have sought at law the sums alleged to have been expended for defendant's benefit and damages under the contract of employment or that plaintiff might have sought equitable relief for a lien or interest in the real estate by stating a cause of action therefor, but not for both. We do not deem that election of remedies, on the state of case under this record, is presented. There is no cause of action stated for an interest in, or lien upon, real estate, and the demurrer was properly sustained in this behalf. If this were not true—if a double cause of action, one at law and one in equity, were in fact pleaded, then the question of election of remedies might be involved.

Let the judgment be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed

By the Court: It is so ordered.

Note.—See under (1) 2 C. J. p. 531 §154. (2) 2 C. J. p. 532 §155. (3) 31 Cyc. p. 290. See under (1, 2) 21 R. C. L. p. 823: 3 R. C. L. Supp. p. 1193; 5 R. C. L. Supp. p. 1173.