CHRYSLER CORP. *v.* BLOZIC.

1. PRINCIPAL AND AGENT—INSURANCE BENEFITS—ASSIGNMENTS—
   POWER OF ATTORNEY.
   Power of attorney executed by insured, a tubercular patient
   being treated at county expense and who was entitled to
   disability benefits under a group insurance policy, *held,* to
   have created in board of county auditors a right to collect
   from insurance company reimbursement for his care by way
   of a power coupled with an interest which survived his death.

2. SAME—POWER COUPLED WITH AN INTEREST.
   A power to create and then have an interest in thing created,
   if not consummated, ceases with the death of grantor of power
   .but power coupled with interest in an accrued right survives
   death of grantor of power.

Appeal from Wayne; Dehnke (Herman), J., presiding. Submitted April 4, 1934. (Docket No. 11, Calendar No. 37,519.) Decided June 4, 1934.

Bill by Chrysler Corporation, a Delaware corporation, to interplead Frank Blozic and Board of Auditors of Wayne County to determine lawful disposition of proceeds of an insurance policy. Separate cross-bills by each defendant against the other defendant and plaintiff. From decree rendered, defendant Blozic appeals. Affirmed.

*Levin, Levin & Dill (Morris Garvett,* of counsel), for defendant Blozic.

*Oscar A. Kaufman,* for defendant Board of Auditors.

WIEST, J. This is a bill of interpleader. Plaintiff company had its employees insured under a

group policy and issued a certificate to Steve Blozic, one of its employees, showing that his life was insured in the sum of $3,000, with full benefit in case of total disability, and designating Frank Blozic as beneficiary in case of death. The insured had tuberculosis and was cared for at a hospital at the expense of Wayne county, from August 2, 1929, to May 10, 1931, pursuant to county statutory duty. See 2 Comp. Laws 1929, § 6641.

In March, 1931, the insured executed the following instrument:

"Be it known that I, Steve Stuben (Steve Blozic) of the city of Detroit, county of Wayne, State of Michigan, do hereby and by these presents make, constitute and appoint John C. Cowan, William Gutman and William H. Green, the Wayne county board of auditors, or any one of them, my true and lawful attorney-in-fact with full authority to receive and collect any money or moneys, sums or amounts, due me or to become due under a certain policy of insurance in which I am the insured and the Chrysler Industrial Assn. Employes Mutual Benefit Division, Ætna Life Insurance Co. is the insurer, being policy No. 125–140, and my said attorneys, or any one of them, shall have authority to receive checks in their own name, or to indorse checks received in my name and apply all sums received in such proportions as to them, or any one of them, may seem proper on my expense for hospitalization and medical care, or either, as I may owe to the county of Wayne or any of its agencies.

"In witness whereof, I have hereunto set my hand and seal this 30 day of Mch., 1931, at Detroit, Wayne county, State of Michigan.

"(Sgd.) STEVE STUBEN
"(Sgd.) STEVE BLOZIC."

This was acknowledged before a notary public on the same day.

Mr. Blozic died May 10, 1931. At that time nothing had been paid on the insurance. On May 23, 1931, plaintiff corporation received the insurance and, upon claims being made by Frank Blozic, the named beneficiary, and the board of auditors of Wayne county, under the mentioned instrument, filed the bill herein to have the claiments interplead and the court adjudicate between them. The court decreed payment of the insurance money into court by plaintiff and distribution thereof by payment of $1,898 to the board of auditors, $9, costs to plaintiff, $200 to its attorneys and the balance to be held by the clerk subject to the lien of the attorneys for Frank Blozic, and the remainder subject to the order of the court in another case against Frank Blozic.

The question in the case is whether the instrument, either as a power of attorney or as an assignment of benefits, survived the decease of the insured.

By reason of tuberculosis, the insured suffered total disability, and was entitled to claim and receive benefits under the policy, and this was true at the time he executed the mentioned instrument. Did the instrument constitute a power coupled with an interest?

"A power is coupled with an interest when the writing conveys, or vests in the agent, an interest or estate in the thing or property which is the subject of the agency, as distinguished from the proceeds or result of the exercise of the agency." *Filtsch* v. *Bishop* (syllabus), 118 Okla. 272 (247 Pac. 1110).

In *Chase National Bank of New York* v. *Sayles* (C. C. A.), 11 Fed. (2d) 948, 957 (48 A. L. R. 207), it was said:

"We hold it to be clear that the interest which can protect a power, after the death of a person who

creates it, must be an interest in the thing itself; in other words, the power must be ingrafted on an estate in the thing. The words themselves would seem to import this meaning. 'A power coupled with an interest' is a power which accompanies, or is connected with, an interest. The power and the interest are united in the same person. But if we are to understand, by the word 'interest,' an interest in that which is to be produced by the exercise of the power, then they are never united. The power, to produce the interest, must be exercised and by its exercise is extinguished. The power ceases when the interest commences, and therefore cannot, in accurate law language, be said to be 'coupled' with it."

The following is from *Angle* v. *Marshall,* 55 W. Va. 671, 679 (47 S. E. 882):

" 'A power coupled with an interest is, when the power or authority is coupled with an interest in the thing itself actually vested in the agent. It must not be merely an interest in that which is produced by the exercise of the power. The former is irrevocable while the latter is revocable, though expressed to be irrevocable.' "

In *Stewart* v. *Smalling,* 33 N. M. 39 (261 Pac. 814, 56 A. L. R. 221), it was held:

"Where the power is truly one coupled with an interest, there is unanimity of opinion that even the death of the donor will not revoke it."

The instrument was crude, but operated as an assignment of a present interest or right of benefit under the insurance policy and, as such, survived the death of the insured. A power to create and then have an interest in the thing created, if not consummated, does not survive the death of the grantor of the power. On the other hand a power, coupled

with an interest in an accrued right, survives the death of the grantor of the power. We hold that the power was coupled with an interest in the accrued right of the grantor thereof and survived his death.

The decree is affirmed, with costs against Frank Blozic.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.