In the Matter of the Estate of SARAH KATZ, Deceased.

Surrogate's Court, Kings County, September 12, 1934.

*Blum & Jolles,* for Polish Consulate.

WINGATE, S. The question here presented for determination concerns the right of the Consul of the Republic of Poland to initiate a proceeding for a compulsory accounting against the executor of this estate on behalf of his non-resident nationals who are legatees of this testatrix.

The present treaty between the countries is dated June 15, 1931, and provides in article XXIV thereof: " A consular officer of either High Contracting Party shall, within his district, have the right to appear personally or by delegate in all matters concerning the administration and distribution of the estate of a deceased person under the jurisdiction of the local authorities for all such heirs or legatees in said estate, either minors or adults, as may be non-residents and nationals of the country represented by the said consular officer with the same effect as if he held their power of attorney to represent them unless such heirs or legatees themselves have appeared either in person or by duly authorized representative."

Analyzing this language, it is obvious that the crucial provision here pertinent is that which specifies the effectiveness with which the consul is authorized to act, namely, " with the same effect as if he held their power of attorney to represent them " " in all matters concerning the administration and distribution of the estate of a deceased person."

By a " power of attorney " is commonly meant " an instrument by which the authority of one person to act in the place and stead of another as attorney in fact is set forth " (*White* v. *Furgeson,*

29 Ind. App. 144; 64 N. E. 49, 51; see, also, *Treat* v. *Tolman*, 113 Fed. 892, 893; *Mullins* v. *Commonwealth*, 179 Ky. 71; 200 S. W. 9, 11); or, as stated by the Supreme Court of Oklahoma, it "is a mere contract of agency" (*Filtsch* v. *Bishop*, 118 Okla. 272; 247 P. 1110, 1111). This thought is emphasized by all definitions of an attorney in fact, who is stated to be "one who is authorized by his principal, either for some particular purpose, or to do a particular act, not of a legal character." (*Hall* v. *Sawyer*, 47 Barb. 116, 119; see, also, *Baxter* v. *City of Venice*, 271 Ill. 233; 111 N. E. 111, 112; *Mass. Bonding & Insurance Co.* v. *Bankers Surety Co.*, [Ind. App.] 179 N. E. 329, 334; *Nardi* v. *Poinsatte*, 46 F. [2d] 347, 348.)

The obvious meaning of the treaty in this regard, therefore, is that the consular agent is to be considered and have the same powers as an ordinary agent appointed by his nationals in all matters concerning the administration and distribution of the estate of a deceased person under the jurisdiction of any courts of the United States.

When it is recalled that "in construing the power conferred upon an agent there will be implied the power to follow the usual and customary conduct adopted in the business" (*Peterson* v. *City of New York*, 194 N. Y. 437, 442), the solution of the presently propounded problem is patent.

The usual method of procedure to be adopted by the representative of a distributee of an estate, where its fiduciary fails for an unreasonable time to take the steps necessary to effect its settlement, is to institute against him a proceeding for a compulsory accounting, and, under the wording of this treaty, it is entirely obvious that where one of his nationals has not personally appointed a representative, the Polish Consul is vested with such authority as his agent.

Not only is the result clear on the terms of the convention itself, but a diverse result would be most unfortunate, since it would place it within the power of a dishonest or recalcitrant fiduciary of an estate distributable solely to non-resident aliens, to hold his *cetuis que trustent* at bay for protracted if not indefinite periods.

The diverse result attained in *Matter of Tripodi* (137 Misc. 738) is not in point since the terms of the treaty there construed differed materially from those now before the court. The able decision of Surrogate HOWELL in *Matter of Houston* (145 Misc. 417) is a more pertinent authority.

In view of his failure to advance any reasons for the protracted delay in settling the affairs of this estate, the executor will be directed to file and proceed to settle his account within fifteen days.

Proceed accordingly.