KIMMEL *v.* HAMMOND.

1. POWERS—COUPLED WITH AN INTEREST—DEATH OF GRANTOR.
    Generally, a power coupled with an interest in the grantee survives the death of the person granting the power.

2. CONTRACTS—CONSTRUCTION.
    A contract is to be given the meaning that would be attached to it by a reasonably intelligent person who knew all the circumstances accompanying the transaction prior to and contemporaneous with its making.

3. SAME—AMBIGUITY—CONSTRUCTION AGAINST PARTY DRAWING THE INSTRUMENT.
    Courts generally tend to construe ambiguous documents against the party who drew them for their own benefit.

4. DEEDS—TRUSTS—POWER OF SALE—CONSTRUCTION—TITLE.
    Trust deed wherein grantor, an elderly woman in ill health, conveyed to plaintiff, her son, 3 lake lots and 2 cottages in trust to collect income during grantor's lifetime with power to maintain the property and pay grantor's debts and to provide for her care and, if necessary, to sell the property and use the proceeds for her care, is construed as not giving the grantee an absolute power of sale and the clause that "any sum or sums that may be remaining in the hands of the trustee after payment of her funeral expenses, is to be given to * * * (the grantee), to be his absolutely" did not effect a conveyance vesting him with title upon her death before sale and without being in debt to him; hence, property passed under mother's will.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Powers § 100.
[2] 12 Am Jur, Contracts § 231.
[3] 12 Am Jur, Contracts § 252.
[4] 36 Am Jur, Mortgages § 17.
    54 Am Jur, Trusts § 96 *et seq.*

Appeal from Lenawee; Martin (Rex B.), J. Submitted April 10, 1958. (Docket No. 42, Calendar No. 47,369.) Decided June 12, 1958.

Bill by Ralph W. Kimmel against Lawrence J. Hammond, administrator with the will annexed of the estate of Alfaretta E. Engle, and various devisees under the will, to clear title to property to which he had been given trust deed. Decree for defendants determining title should pass under provisions of will. Plaintiff appeals. Affirmed.

*Baldwin & Walker* and *Clinton S. Courson* (*Beaumont, Smith & Harris,* of counsel), for plaintiff.

*Moran & Mack,* for defendants.

KELLY, J. Plaintiff filed a bill of complaint against defendant Hammond, as administrator with will annexed, and the individual defendants, who are devisees under the will of his mother's estate, claiming that title to the real estate devised in said will passed to him under a trust deed.

Defendants filed an answer claiming the deed created a trust only for the lifetime of plaintiff's mother; that plaintiff had not sold the property during her lifetime; therefore, the property, upon her death, passed under her will.

The court decreed that the title to the real estate remained in decedent at the time of her death and should pass under the provisions of her will. From this decree, plaintiff appeals.

Lawrence J. Hammond, a reputable attorney of Lenawee county, prepared the trust deed and endeavored to incorporate therein plaintiff's mother's instructions, as given to him by plaintiff. Plaintiff selected attorney Hammond to draw the deed, and testified: "I went up to get him (attorney Ham-

mond) to make a trust deed which my mother wanted.
* * *  I told Mr. Hammond my mother wanted to turn this property over to me so that I could take. care of it."

The trust deed, executed August 10, 1953, between plaintiff and his mother, conveyed to plaintiff, in trust, 3 lots and 2 cottages, located at Devil's Lake, Lenawee county, Michigan.  At the time plaintiff's mother executed this trust deed, she was elderly and in ill health, and she did not own any other property.  The trust deed provided:

"The condition of this trust deed is as follows: The trustee is to collect the rents and profits of said real estate during the lifetime of Alfaretta E. Engle (plaintiff's mother), and to account to her for the net profits thereof, and, if necessary in order to keep said real estate properly improved and to pay any debts and charges existing against Alfaretta E. Engle, or the estate of Alfaretta E. Engle, deceased, and to properly care for, maintain and support Alfaretta E. Engle, trustee is authorized to borrow money upon the said lands situate and being in the township of Woodstock, county of Lenawee and State of Michigan, and for that purpose to execute a mortgage on the same, or, if in his judgment he deems it advisable, he may sell said lands or any part thereof and invest the net proceeds thereof in approved securities, the annual interest to be used for the care, maintenance and support of Alfaretta E. Engle, or he may use any part of the principal sum received from the sale of said land for her care, maintenance and support.

"At the date of the death of Alfaretta E. Engle, any sum or sums that may be remaining in the hands of the trustee, after the payment of her funeral expenses, is to be given to Ralph W. Kimmel, 5000 Kemp road, Dayton 3, Ohio to be his absolutely."

Plaintiff's mother died January 1, 1954.  Her will, admitted to probate on January 26, 1954, devises the

property mentioned in this trust deed to decedent's niece and nephews. The defendant attorney Lawrence J. Hammond was appointed, at plaintiff's request, as administrator of the will.

Approximately 6 months after his mother's death, plaintiff visited attorney Hammond at his law office in Adrian, and made no claim that the property should be his. He did not even inquire as to the effect of the trust deed, making no complaint that said deed had not been properly prepared. It is apparent that at this time plaintiff did not feel that under said deed, and previous conferences he had had with his mother, the property belonged to him at his mother's death; and, after his visit to Hammond's office, he sent the keys to the cottages to Mr. Hammond.

Plaintiff petitioned the probate court that the will of his mother be admitted to probate and stated that the estate was possessed of real estate in the State of Michigan. In his bill of complaint, plaintiff stated that at the time he made such statement the estate possessed no real estate in Michigan because of the trust deed, and "That plaintiff, Ralph W. Kimmel, executed the said petition in a mistaken belief as to both fact and law regarding the title to the aforesaid real estate. That further, plaintiff, Ralph W. Kimmel, has no legal training and prior to executing the said petition, had received no legal advice to the effect that he was then, individually, the owner of the above-described Michigan real estate."

Plaintiff and appellant contends that where legal title is deeded to a trustee and he is given power of sale of the property deeded to him, there is a power coupled with an interest, and such power survives the death of the grantor.

The trial court, in its opinion, on this point stated:

"The authorities seem to unanimously say that when a legal title is vested in trustees with power of sale there is a power coupled with an interest, and such power survives the death of the grantor. However, a check of the cases indicates that those cases were ones in which the trustee had an absolute power of sale and was not bound by any specific trust provisions. In this case the trustee's actions were definitely restricted by the very terms of the instrument."

The general rule is that a power coupled with an interest survives the death of the person granting the power. The question in this case is: Was such a power granted, and was it the deceased's intention to give such power to plaintiff?

We have not been referred to, nor have we been able to find, a similar Michigan case. Appellant cites only 2 Michigan cases, namely, *Chrysler Corporation v. Blozic,* 267 Mich 479; and *Ecclestone v. Indialantic, Inc.,* 319 Mich 248.

In the *Chrysler Corporation v. Blozic Case,* grantor, in return for medical treatment by the county, assigned benefits under an insurance policy to the county to repay medical expenses and treatments furnished him. The instrument made specific reference to these expenses and consequently there is no doubt but that it was a power coupled with interest. In the instant case, no pleading or proofs showed any indebtedness by deceased to plaintiff.

In the *Ecclestone Case, supra,* a party transferred his stock to settle litigation but reserved the right to vote such stock. The question presented was whether a party can retain the right to vote stock after he had sold it. Here the Court found that the transferor of the stock held the voting rights as security to valuable rights given up by him. Both of the above cases are distinguishable from the one at bar.

The instrument known as the trust deed is ambiguous. Plaintiff and defendant recognized the ambiguity. Plaintiff refers to the unfortunate selection of the particular form, "which had never been interpreted and was not very fit for the situation." Defendant admits that ambiguity is created by the clause leaving the "remaining" sums to plaintiff.

In *Seaboard Surety Co.* v. *Bachinger,* 313 Mich 174, 179, 180, after stating that the label given to an agreement is not controlling, this Court said:

"In construing the contract, all circumstances accompanying the transaction must be taken into consideration. It is to be given the meaning that would be attached to it by a reasonably intelligent person, knowing all the circumstances prior to and contemporaneous with the making of the integration. 1 Restatement, Contracts, §§ 230 and 235(d)."

Plaintiff's actions prior to filing his bill of complaint are not consistent with those of a man who believed he was the owner and possessor of title to the property, and, by his own actions, plaintiff has construed the ambiguous instrument against his present contentions.

We agree with the trial court's opinion, which states:

"The court was impressed with the fact that the plaintiff himself went to the attorney and instructed him as to the particular type of document which he desired to express the intentions of his mother. Courts generally tend to construe documents against the party who drew them for their own benefit. As between the grantor and her devisees and the grantee of the trust deed, the grantee did the actual procuring of the drawing of the legal instrument.

"The court is further impressed with the fact that the trust instrument itself was set up for certain definite purposes. It was set up to 'collect the re-

ceipts and profits of said real estate, during the life-time of Alfaretta E. Engle, and to account to her from the net profits thereof.' Then the trust deed went on to state, 'If necessary, in order to keep said real estate properly improved *and* to pay any debts and charges existing against Alfaretta E. Engle, *or* the estate of Alfaretta E. Engle, deceased, *and* to properly care for, maintain and support Alfaretta E. Engle, trustee is authorized to borrow money upon the said lands  *  *  *  and for that purpose to exe-cute a mortgage on the same.'

"In this last quoted portion of the deed the trustee was given specific instructions as to when and for what purposes he might mortgage the real estate.

"The deed then continued 'or, if in his judgment he deems it advisable, he may sell said lands or any part thereof *and* invest the net proceeds thereof in approved securities, the annual interest to be used for the care, maintenance and support of Alfaretta E. Engle, *or* he may use any part of the principal so received from the sale of said land for her care, maintenance and support.'

"The grantor therein expressly limited the trustee as to his rights to sell the real estate. He could only do it on the condition that he invest the proceeds in approved securities and use the annual interest for the support of Mrs. Engle or he could use a part of the principal for her care and maintenance. He was not given any right to sell real estate except for her particular care. He was not given any absolute power of sale. Everything was contingent on using the receipts of sale for the grantor's support.

"It should be noted that the plaintiff did not accept the title to the real estate and agree to support the grantor in any event. He did not have to first use her funds, and then use his if hers were insufficient. He only had to use the estate made available to him by the grantor. If he were obligated to furnish support from his own funds, it is more likely that the grantor would have expected him to get the fee of the real estate in any event."

The decree of the circuit court is affirmed. Costs to appellees.

DETHMERS, C. J., and CARR, SMITH, BLACK, ED-WARDS, VOELKER, and KAVANAGH, JJ., concurred.