In the matter of the probate of the last will of Valborg J. Peterson.
Citation issued.

    Abbott & Coyne, for proponent.

    NOBLE, S.  This is an application by a consul of the kingdom of
Denmark to the United States of America, in the state of New York,
for the probate of the last will and testament of a testatrix who, at the
time of her death, was a subject of the kingdom of Denmark; the sole
executor named in the will having died before the testatrix.  The
sole heirs at law and next of kin are the mother, a brother, a sister, and
a nephew of testatrix, all of whom reside in Copenhagen, Denmark,
and are subjects of that kingdom.
    Under the "most favored nation clause" in the "treaty of April 26,
1826" (8 Stat. 342, art. 8), between the United States of America and
the kingdom of Denmark, the Danish consul claims the right to
represent the parties in interest in this proceeding and to waive
the issuance and service of citation in their behalf.  In the case
of adult parties I do not question his right to appear to execute the
necessary waivers and consents.  However, Einer Bundgaard, nephew
of the testatrix, is an infant over the age of 14 years.  Under the laws
of this state the only way in which a Surrogate's Court can obtain
jurisdiction over the estate of an infant is by the issuance and service
of a citation in the manner prescribed by the statutes.
    In the case of personal property, in the treaty between the United
States and the king of Italy, article 22 of the commercial treaty of
1871 (17 Stat. 856), provides:

    "The citizens of each of the contracting parties shall have power to dispose
of their personal goods within the jurisdiction of the other by a sale, donation,
testament or otherwise, and the representatives being citizens of the other
party, shall succeed in their personal goods, whether by testament or ab in-
testato, and they may take possession thereof, either by themselves or others
acting for them, and dispose of the same at their will, paying such dues only
as the inhabitants of the country wherein said goods are, shall be subject to
pay in like cases."

    Under that section the right of a consul to take possession, in be-
half of subjects of their respective countries, of personal property,
and to transmit it to such countries for distribution in accordance with
the laws thereof, is unquestionable.
    Again, under the "most favored nation clause," the treaty of 1853
between the Argentine Republic and the United States, provides as
follows (10 Stat. 1009, art. 9):

"If any citizen of either of the two contracting parties shall die without will or testament, in any of the territories of the other, the consul general or consul of the nation to which the deceased belonged, or the representative of such consul general or consul in his absence, shall have the right to intervene in the possession, administration and judicial liquidation of the estate of the deceased, conformably with the laws of the country, for the benefit of the creditors and legal heirs."

Under this treaty the consul general, or, in his absence, the consul, is given the right "to intervene in the possession, administration and judicial liquidation of the estate of the deceased, conformably with the laws of the country, for the benefit of the creditors and legal heirs."

The provisions of these several treaties relate to personal property only, and the cases quoted in the brief of the learned counsel for the proponent herein, to wit, Matter of Tartaglio, 12 Misc. Rep. 245, 33 N. Y. Supp. 1121, Matter of Fattosini, 33 Misc. Rep. 18, 67 N. Y. Supp. 1119, Matter of Lobrasciano, 38 Misc. Rep. 415, 77 N. Y. Supp. 1040, Matter of Davenport, 43 Misc. Rep. 573, 89 N. Y. Supp. 537, as well as the Massachusetts case of In re Wyman, reported in 77 N. E. 379, are all administration cases, and therefore decide only the right of a foreign consul to take possession of a decedent's personal property under the provisions of the treaty with his country. I have found no case reported in which the right of a consul to waive the rights of an infant in a proceeding in a Surrogate's or other court of this state is passed upon, and as it is not expressly covered by the treaty between the United States and the kingdom of Denmark, or any other country, the laws of the state of New York must govern. These laws do not admit of an infant waiving any of its rights, and, of course, no one else has any authority to do what the infant itself could not do.

Under these circumstances the infant party in this proceeding must be brought under the jurisdiction of the court through the medium of a citation properly issued and served.

Let citation issue accordingly.