In the Matter of the Estate of ANTONIO COMINCIO, Deceased.

Surrogate's Court, New York County, June 26, 1929.

*Hamilton Ward, Attorney-General [Victor R. Kaufman, Deputy Assistant Attorney-General,* of counsel].

*N. Joseph Slicklen,* for the Public Administrator of New York.

*Ralph Atkins,* for Consul General of Italy.

FOLEY, S. The public administrator of the county of New York has filed an account which shows that the net estate of the intestate is approximately $1,000, which is stated to be payable to unknown

next of kin. Pursuant to our statutes this amount would be directed in the decree to be paid into the city treasury of the city of New York to await ascertainment of the next of kin. Ultimately the amount would find its way into the treasury of the State of New York.

The Consul General of Italy at New York city in h's official capacity has made claim to the balance of this estate upon two grounds: (1) That the decedent's domicile at the time of his death was in Italy and by reason of the laws of that country and because there are no relatives under such laws entitled to take, the fund must be paid to the Kingdom of Italy as an escheat; (2) it is further claimed that even if the decedent was domiciled in New York, the Consul is entitled to receive the assets of the estate by virtue of the " Most Favored Nation Clause " contained in the treaty between the United States and Italy and the related effect of a clause contained in the treaty between the United States and Persia. It is claimed that the latter treaty authorizes the Consul of Persia to receive the effects of a citizen or subject of that country dying within the United States where there is no family or partners in business of the deceased. The clause provides " and in case he has no relations or partners, his effects in either country shall be delivered up to the Consul or agent of the nation of which the deceased was a subject or citizen so that he may dispose of them in accordance with the laws of his country." The Attorney-General of the State of New York appears and opposes the contention of the Italian Consul General.

In other words, the questions presented are: (1) Was the decedent at the time of his death domiciled in the State of New York? (2) Regardless of whether he was domiciled here, by reason of the claim that he was originally a national of Italy, did his property pass by succession under the laws of Italy because of the treaty rights?

(1) I hold that the decedent's domicile was in the county and State of New York up to the time of his death. It appears from the testimony that he came here prior to the year 1892; that he returned to Italy for a short visit of a few months about the year 1898. He resided continuously in this State from 1899 to the date of his death in the year 1925. There is some testimony that he at one time spoke about returning to Italy in his later years, but such declarations were vague and indefinite and were never effectuated by any actual return. They were likewise contradicted by contemporaneous and subsequent declarations of the decedent. On three different occasions and within a short time of his death he made declarations to a savings bank that he resided at 365

East Seventy-sixth street in New York city. We have thus a continued residence in this State for a period of upwards of thirty-three years interrupted only by a brief visit to the intestate's native land. His intention to abandon his domicile of origin and to establish and maintain a domicile in this country is clearly established by the evidence. Both elements of domicile — intent and conduct — have been proven. Citations from the authorities are unnecessary. The leading cases in this State (*Dupuy* v. *Wurtz,* 53 N. Y. 556; *Matter of Newcomb,* 192 id. 238; *Matter of Mesa y Hernandez,* 172 App. Div. 467; *Matter of Chadwick,* 109 Misc. 696, 699) support the conclusion that the intestate's domicile was in the State of New York. The distribution of his property must be governed by our Statute of Distribution and by our other laws which deal with the custody of the funds of an estate, pending the ascertainment of the next of kin and their ultimate payment into our State treasury.

(2) The further contention that because he may have been originally a national of the Kingdom of Italy, his personal property passed under the law of Italy and not of New York under the provisions of the treaties referred to, must likewise be overruled. It is an elementary rule of the laws of estates that the succession of personal property left by a decedent is governed exclusively by the law of the actual domicile of the intestate at the time of his death. (Story Conflict of Laws [8th ed.], § 481; *Moultrie* v. *Hunt,* 23 N. Y. 394; *Dupuy* v. *Wurtz,* 53 id. 556; *Cross* v. *United States T. Co.,* 131 id. 330.)

Citizenship and nationality on the one hand, and domicile on the other, involve different principles, but succession to personalty is based upon the finding of domicile only. It is beyond comprehension that the treaty between the United States and Persia ever contemplated any abrogation of this basic rule of law. An examination of the provisions of the Persian treaty and of the treaty with Italy compels the interpretation that the consular rights were limited strictly to the receipt of the property of a national of Italy dying here, but domiciled in that country. In the comprehensive opinion of Judge CARDOZO in *Matter of D'Adamo* (212 N. Y. 214) the rights of the Italian consular officers, under the treaty with this country, are considered. In that case it was finally settled in the State of New York that our local statutes governed the appointment of administrators and that the treaty conferred no preference to letters of administration upon the Italian Consul. Much of Judge CARDOZO's reasoning applies in the present situation.

In this proceeding the rights granted by the treaty must be

held to be subordinate to the succession statutes of our State. Cases may and do arise where nationals of the Kingdom of Italy, temporarily residing here, but domiciled in that country, may leave personal property which passes under its laws. But in each case the question of domicile, when disputed, must first be determined. I hold, therefore, that the intestate law of Italy has no application to the present estate. The decree should provide for payment of the balance of the estate into the treasury of the city of New York for the benefit of the unknown next of kin of this decedent, pursuant to the statute of 1898 (Laws of 1898, chap. 230, as amd.) which regulates the duties of the public administrator in the disposition of the funds held by him. Submit decree on notice settling the account and directing payment accordingly.