In the Matter of the Estate of LUCA F. TRIPODI, Deceased.

Surrogate's Court, Westchester County, October 20, 1930.

*Ralph Aikins*, for the petitioner.

*Hurlbert McAndrew*, for the administratrix.

SLATER, S. The decedent, Luca F. Tripodi, was a naturalized citizen of the United States. He died intestate in July, 1927, leaving a widow residing here, and brothers and sisters, nationals of and residing in the Kingdom of Italy.

The Vice Consul of Italy at New York, in his official capacity, has petitioned the court to compel the administratrix to render and settle her account as administratrix. He claims to have the right to bring the proceeding by virtue of treaty rights.

The administratrix objects on the ground that he has no authority as Vice Consul to institute such a proceeding.

The matter presented involved questions relating to statute and treaty.

Section 259 of the Surrogate's Court Act states who may institute a compulsory judicial settlement — start a law suit — seeking to bring about the settlement of an estate. a. By a creditor, *or a person interested in the estate* or fund, or by any person on behalf of an infant so interested.

An appearance may be made by an attorney duly authorized in writing, which authorization shall be signed, duly acknowledged, or proved and duly certified, and filed in the proceeding. (Surr. Ct. Act, §§ 41 and 63.)

Do the treaty provisions confer upon Consuls the right to sue, and, if so, does it displace our local law of administration?

My attention has been directed to article IX of the Consular Convention between the United States and the Kingdom of Italy, proclaimed September 27, 1878: " Consuls General, Consuls, Vice Consuls and Consular Agents may have recourse to the authorities of the respective countries within their district, whether federal or local, judicial or executive, for the purpose of complaining of any infraction of the treaties or conventions existing between the United States and Italy, *as also in order to defend the rights and interests of their countrymen.*"

Likewise, to article XV of the Consular Convention between the United States and the Kingdom of Belgium, proclaimed March 1, 1881, as follows: " Consuls-General, Consuls, Vice Consuls and

Consular Agents shall have the right to appear, personally or by delegate, in all proceedings on behalf of the absent or minor heirs, or creditors, until they are duly represented."

The above is incorporated in the Italian treaty by virtue of the " most favored nation clause " — article XVIII — as follows: " The respective Consuls General, Consuls, Vice-Consuls and Consular Agents, as likewise the Consular Chancellors, Secretaries, Clerks or Attaches, shall enjoy in both countries all the rights, prerogatives, immunities and privileges which are or may hereafter be granted to the officers of the same grade of the most favoured nation." (See Treaties Convention, etc., by Malloy.)

In my opinion these treaties are not pertinent nor do they affect the instant question. These reciprocal rights are predicated upon the following fact existing: " In case of the death of any *citizen of the United States* in Belgium, or of a *citizen of Belgium* in the United States  *  *  *."

These treaties deal with rights of other countries' nationals residing here. *The decedent herein was a citizen of the United States.*

Every case submitted by counsel had to do with deceased nationals — *not citizens of the United States.* The right to intervene in the possession, administration and judicial liquidation of an estate, or guard, or step in, receive payment — right to represent — applies only to those cases coming under the treaty provision, *i. e.,* property of natives of Italy residing in the United States — friendly aliens.

Had it been the intention to grant Consuls as such the right to sue for or bring proceedings on behalf of alien heirs of a deceased *citizen* of the United States, it would have been very easy to have so declared in unmistakable terms. It was not intended and it was not so declared.

It is hardly to be conceived that the government would enter into a treaty that would permit aliens to occupy a position more favorable than that of citizens.

Most treaties are prepared to prevent discrimination against aliens, rather than afford a larger measure of protection to them than is accorded to citizens.

It is unnecessary to pursue the subject further with regard to whether a foreign treaty can displace our local law of administration, and whether the Federal government can constitutionally, in the exercise of its treaty-making power, supplant the State laws regulating the administration of estates. (*Rocca* v. *Thompson,* 223 U. S. 317, 329.) (See *Matter of D'Adamo,* 212 N. Y. 214, 226, 227, 228.)

A most recent case held that a treaty did not invalidate local statutes with regard to the disposition of real estate. (*Todok* v. *Union State Bank of Harvard,* 281 U. S. 449; 50 U. S. Sup. Ct. Repr. 363, opinion by Hughes, Ch. J.; *Matter of Comincio,* 135 Misc. 733.)

*Matter of Peterson* (51 Misc. 367) and *Matter of Nyahay* (66 id. 418), on facts involving the estate of a national of another country dying here, hold that a Consul could not *appear for an infant* and override the local State law.

In case of a resident alien, the court pointed out in *Rocca* v. *Thompson* (223 U. S. 317) that intervention meant the right " to enter into a proceeding already begun."

The only right that a consular officer has is to " receipt " in behalf of his non-resident countrymen " for their distributive share derived from estates in process of probate or accounting under the provision of the so-called Workmen's Compensation Law." (See article XXV of the Consular Convention between the United States and Germany, effective for other nations pursuant to the " most favored nation clause," proclaimed October 14, 1925.)

Whether the article to " receipt " is predicated upon the earlier provisions with reference to nationals of other countries resident here, or is a *separate provision* and affects the right of non-resident countrymen of the foreign country in property of a citizen of the United States, it is not necessary to decide.

It is my opinion that the Italian Vice Consul in his representative capacity is without right to institute a compulsory accounting proceeding in the instant case.

The proceeding is dismissed.