In the Matter of the Estate of VIVIAN BETTY CLARK, Deceased.

Surrogate's Court, New York County, June 13, 1934.

*Charles Weishaupt*, for the petitioner.

*Joseph A. Cox*, for the public administrator.

DELEHANTY, S. The sole distributee of deceased is her nineteen-year old brother who is resident in Canada. Whether he is an alien is not disclosed. His general guardian was appointed in this State in Ulster county and is still acting as such. The same person so acting as general guardian of this distributee was at the same time appointed general guardian of deceased and prior to the death of deceased had been called to account by her for alleged misuse of her funds. The attorney who represented deceased in those proceedings had made to deceased a small loan. He is a creditor of her estate by reason of such loan and by reason of the rendition of service to her in the accounting proceeding referred to.

This attorney now petitions for letters of administration upon her estate and on his petition a citation was issued to the general guardian of the non-resident infant, to the public administrator of

the county of New York, and to the British Consul General in New York. Service of the citation was duly made upon each of such persons. No service was made upon the infant. If the infant were a resident of the State service upon him personally would be required. (Surr. Ct. Act, § 55.) The question here involved is whether the court may proceed to grant letters of administration upon the service shown here to have been made.

If the infant is a non-resident alien the consular officer representing his nation in the county of New York would be authorized to appear for him after the infant had been served. Appearance by a consular officer seems not to be authorized until after such service. If this be the sound view then service upon the British Consul General in New York is ineffectual for any purpose. (*Matter of Peterson*, 51 Misc. 367; *Matter of Bristow*, 63 id. 637, at p. 638; *Matter of Nyahay*, 66 id. 418; *Matter of Houston*, 145 id. 417.)

Under the terms of section 118 of the Surrogate's Court Act, the guardian of an infant entitled to take all of the personal estate has the right to letters in his place and stead. The guardian as above stated has been cited and has defaulted. The facts alleged and conceded by his default disqualify him from appointment because he would be obliged as administrator of the estate of deceased to pursue in behalf of deceased the accounting proceeding wherein he is asserted to have misused the funds of deceased. The public administrator has appeared and has requested leave to renounce the appointment.

On the facts disclosed the petition for letters of administration is granted and petitioner will be appointed upon giving a bond in the sum of $1,000 with letters limited to the receipt of such sum until further bond be given.

Submit decree accordingly.