In the Matter of the Estate of JOSEPH BERNABEO, Deceased.

Surrogate's Court, Queens County, June 29, 1934.

Ralph Atkins, for the petitioner.

Aaron I. Schwartz, for the administratrix.

HETHERINGTON, S. The Royal Vice Consul of Italy, at New York, acting for two sisters of the decedent, who were residents and subjects of Italy, obtained an order on default directing the administratrix to account. Application is now made to open the default, to vacate the order and to dismiss the petition upon the ground that under the provisions of section 259 of the Surrogate's Court Act, the consul is not a " person interested in the estate or fund " of the decedent, and, consequently, is not authorized to institute the proceeding.

The decedent was a naturalized citizen of the United States and died on October 2, 1918, in France while serving in its armed forces. In a similar situation Surrogate SLATER held that the consul could not institute a compulsory accounting proceeding. (Matter of Tripodi, 137 Misc. 738.) In that case the learned surrogate was of the opinion that " the right to intervene in the possession, administration and judicial liquidation of an estate, or guard, or step in, receive payment — right to represent — applies only to those cases coming under the treaty provision, i. e., property of natives of Italy residing in the United States — friendly aliens." I am unable to concur in this view because it seems to me to overlook and discount the force and effect of article XXV of the treaty of 1923 with Germany providing as follows: " A consular officer of either high contracting party may in behalf of his non-resident countrymen receipt for their distributive shares derived from estates in process of probate or accruing under the provisions of so-called Workmen's Compensation Laws or other statutes."* This provision is effective for Italy pursuant to the " most favored nation clause." I fail to find in it any limitation that the consul's right to " receipt " is dependent upon the nationality of the decedent. While it may be true that in the cases where payment of distributive shares was made to consuls, the decedents were aliens (Matter of Tartaglio, 12 Misc. 245; Matter of Davenport, 43 id. 573, and Matter of D'Adamo, 94 id. 1), I am inclined to agree with Surrogate HOWELL that " there would seem to be no valid reason why his right to protect and defend the rights and interests

* 44 U. S. Stat. at Large, 2154.

of his countrymen should not extend to their rights and interests in estates of United States citizens being administered in the State of New York " (*Matter of Houston*, 145 Misc. 417, 423). A recognition of such right does not disturb the local law in any way, but on the other hand affords a means of protection to non-resident aliens who are far removed from the place of administration, and in many cases ignorant of and unable to protect their rights. If I am correct in concluding that the right of representation is not dependent upon the citizenship of the decedent, it follows that the right to receive payment includes the incidental right to demand payment. This right would be of little value if the power of enforcing payment was denied. Full protection of the rights of his countrymen necessarily contemplates that the consul should be able to take an active and aggressive position, not merely stand by and await payment at the pleasure or convenience of a dilatory representative. Holding these views and having considered the moving papers, as if submitted in opposition to the original application, this application, in so far as it seeks to vacate the order and to dismiss the petition, is denied.