In the Matter of the Estate of ANTONIO DI ROBERTO, Deceased.

Surrogate's Court, St. Lawrence County, October 15, 1934.

*Edmund Fitzgerald*, for Maddalena Valente, petitioner.

*Thomas F. McDermott*, for Germano P. Baccelli, Italian consul.

CHANEY, S.  This is an application for the appointment of an administrator of the estate of Antonio di Roberto, late of the town of Madrid, St. Lawrence county.  There are two petitioners, Maddalena Valente, of Ogdensburg, and Germano P. Baccelli, the Consular Agent of the Kingdom of Italy.  The former is a cousin of decedent, and claims to be a creditor in that she obligated herself personally for the payment of decedent's funeral expenses. She petitions to have letters issue to herself and Rev. Walter Funcke of Ogdensburg.  The next of kin and distributees are a father and mother residing in Italy, and subjects of that kingdom; and the Consular Agent, representing such distributees, claims prior right to the appointment as administrator.  The decedent was an American citizen, having been admitted to citizenship in the United States June 22, 1928.

In the cases submitted by counsel for the Consular Agent, and from which he seeks to establish a precedent, the deceased was himself a subject of the Kingdom of Italy; and in such cases the appointment of the Consular Agent was proper.  In *Matter of Bernabeo* (152 Misc. 237) Surrogate HETHERINGTON concludes that the question of citizenship of the deceased is not material.  However, Surrogate SLATER, in *Matter of Tripodi* (137 Misc. 738), arrives at a different conclusion.  Quoting from the opinion of Surrogate SLATER: " In my opinion these treaties are not pertinent

nor do they affect the instant question. These reciprocal rights are predicated upon the following fact existing: ' In case of the death of any citizen of the United States in Belgium, or of a citizen of Belgium in the United States * * *.' These treaties deal with rights of other countries' nationals residing here. The decedent herein was a citizen of the United States. Every case submitted by counsel had to do with deceased nationals — not citizens of the United States. The right to intervene in the possession, administration and judicial liquidation of an estate, or guard, or step in, receive payment — right to represent — applies only to those cases coming under the treaty provision, i. e., property of natives of Italy residing in the United States — friendly aliens. Had it been the intention to grant Consuls as such a right to sue for or bring proceedings on behalf of alien heirs of a deceased citizen of the United States, it would have been very easy to have so declared in unmistakable terms. It was not intended and was not so declared."

Counsel for the Consular Agent relies upon article XXV of the treaty of 1923 with Germany, by virtue of the " most favored nation clause." That article reads as follows: "A consular officer of either high contracting party, may in behalf of his non-resident countrymen receipt for their distributive shares derived from estates in process of probate or accruing under the provisions of the so-called Workmen's Compensation Laws or other statutes."

In my opinion this treaty does not contemplate the appointment of the Consular Agent as administrator of a deceased citizen of the United States, a decedent who has renounced all allegiance to the Kingdom of Italy.

Under section 118 of the Surrogate's Court Act, paragraph (b), the surrogate, in his discretion, may appoint the county treasurer, or the petitioner. The county treasurer has not been cited in this proceeding. This is an estate of approximately $8,000, consisting entirely of personal property. I have no proof as to the business ability and experience of the petitioner, Maddalena Valente; and I, therefore, authorize and direct that letters of administration issue to her and to the county treasurer of the county of St. Lawrence, upon duly qualifying.